**Frankie F. REYES, Plaintiff,**

v.

**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, Defendant.**

**No. KC–3149.**

United States District Court,
D. Kansas.

Jan. 12, 1971.

Laurence M. Jarvis, Kansas City, Kan., for plaintiff.

Sam D. Parker and Jack W. R. Headley, of Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., and James J. Lysaught, of McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Senior Judge.

This is an action for relief under Title VII of the Civil Rights Act of 1964, in which the plaintiff alleges that he has been the victim of discriminatory employment practices. Jurisdiction is premised upon 42 U.S.C.A. 2000e–5(f). The matter is now before the court upon the defendant's motion to dismiss and in the alternative to strike certain allegations in the complaint.

The plaintiff is a Mexican-American who was, at the time of the alleged discrimination, an employee of the Missouri-Kansas-Texas Railroad Company. According to the charge which he filed with the Equal Employment Opportunity Commission (hereinafter EEOC or the Commission), Mr. Reyes was hired by defendant in August of 1967 as a laborer. Approximately six months later he was promoted to the position of pipe fitter's helper. From the fall of 1966 until April, 1967, four caucasian laborers were promoted around the plaintiff to the position of pipe fitter mechanic, and on April 19, 1967, plaintiff's position was abolished and he was terminated. Apparently no other position was abolished at the defendant's diesel shop in Parsons, Kansas, where the plaintiff was working at the time of his termination. Mr. Reyes was refused reinstatement to his former laborer classification assertedly because of his national origin, although caucasians had previously been granted such reinstatement. Plaintiff also avers that he was the only Mexican-American or Negro who had attained a position with the defendant at the Parsons location at a classification higher than laborer.

The plaintiff attempts to prosecute this suit as a class action, the class consisting of minority groups who are employed or might be employed by defendant at its diesel shop in Parsons, Kansas. He prays for an injunction against continuation of the specified unlawful employment practices, back pay, reinstatement and such other relief as is appropriate.

The defendant has moved to dismiss the complaint on three grounds. It asserts, (1) that the court lacks jurisdiction over the subject matter of this suit, (2) that the complaint fails to state a claim upon which relief can be granted,

and (3) that plaintiff has failed to join necessary parties whose presence is required by Rule 19 of the Federal Rules of Civil Procedure.

■ Title 42 U.S.C.A. § 2000e–5(e) requires that a civil action be brought within 30 days after the EEOC notifies the person aggrieved that it has been unable to achieve voluntary compliance with the provisions of the Act. In this case, the Commission mailed its letter of notification on March 23, 1970, and it was received by the plaintiff, as the receipt indicates, on March 30, 1970. On April 24, 1970, pursuant to EEOC instructions and accompanying forms which apparently were mailed to plaintiff, he lodged, with the clerk of this court, an application for leave to file an action under Title VII without payment of fees, costs or security and for the appointment of counsel as provided in the Act. He also tendered the notification of the right to sue letter which he received from the Commission. I indicated in an earlier memorandum and order, granting plaintiff's request for the appointment of counsel, that I was then reserving the question whether an action was timely brought in this case, and this question is now directly raised by the motion to dismiss. Under Rule 3 of the Federal Rules of Civil Procedure a civil action is commenced by filing a complaint with the court, and Rule 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. No such complaint was filed in this case within 30 days of the date on which the plaintiff received notification of the right to sue, and defendant asserts that such procedure is jurisdictional. Plaintiff has cited authorities, as did the EEOC in a letter which it sent to Mr. Reyes, for the proposition that filing of the notice of right to sue letter by the charging party is sufficient to toll the statute. McQueen v. E.M.C. Plastic Company, 302 F.Supp 881 (E.D.Texas 1969); Brock v. Southern Bell, Civil No. 68–1685 (E.D.La. 1970); Austin v. Reynolds Metals Co., 327 F.Supp. 1145 (E.D.Va.1970). This result has been reached in recognition of the "heavy overtones of public interest" associated with suits under Title VII, Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968), and because of the type of people commonly involved in such suits. As the court said in Antonopulos v. Aerojet-General Corporation, 295 F.Supp. 1390 (E.D.Cal.1968):

> "* * * This law is a remedial one, and the Congressional purpose would not be furthered by making plaintiffs of the kind with which we are concerned, members of the working class who are generally without substantial higher education, dot every 'i' and cross every 't' on their way to the courthouse." (p. 1395)

The decision in McQueen v. E.M.C. Plastic Company, *supra,* was also occasioned in part by the view of that court that shortcomings in papers obviously prepared by the staff of the EEOC, as in our case, should not be attributed to the plaintiff.

After reviewing the pertinent authorities, and bearing in mind the remedial purpose of Title VII, I have determined to follow those courts that have held the filing of the notice of right to sue letter within the statutory 30–day period sufficient to toll the statute. The filing of a complaint within a reasonable time thereafter, in my judgment, constitutes substantial compliance with the Act.

■■ The defendant has also moved to dismiss for failure to state a claim upon which relief can be granted because it does not allege that the discrimination referred to in the complaint was the sole cause of the injury to the plaintiff and because the allegations of the complaint are vague, confused, indefinite, and conclusory, I can detect no requirement in 42 U.S.C.A. § 2000e–5(g) that the complaint allege that discrimination in na-

tional origin was the sole cause of plaintiff's injury, and it is this section of the statute upon which the defendant relies to establish this proposition. Section (g) does limit the power of the court to grant certain specified relief if the alleged discrimination was based on some reason other than that prohibited by the Act, but there is no mention of a pleading requirement in that section. Furthermore, the Tenth Circuit, in reversing a decision of this court, held in connection with another section under Title VII that "notice pleading" has not been supplanted by the requirement that facts pertaining to the practice of discrimination be set forth in the complaint. United States v. Gustin-Bacon Div., Certainteed Prod. Corp., 426 F.2d 539 (10th Cir. 1970). Although the circuit court distinguished the pleading requirements in 2000e–6(a), with which that case was concerned, from charges directed to the EEOC under 2000e–5, I do not believe that the pleading requirements are different as to *civil actions* under the two sections of Title VII. I view the complaint to be sufficient under notice pleading requirements. Any fendant requires may be obtained thro additional information which the defendant requires may be obtained through the usual discovery procedures.

Finally, the defendant moves to dismiss upon the ground that plaintiff has failed to join necessary parties as required by Rule 19 of the Federal Rules of Civil Procedure. The basis for this contention is that in Paragraph V–E of the complaint, the plaintiff alleges that defendant has violated Title VII by certain collective bargaining agreements between itself and the union of which plaintiff was a member. In this situation, I believe the local union is a person whose joinder is needed for just adjudication within the meaning of Rule 19. If it should later become clear, as plaintiff seems to indicate in his brief, that Mr. Reyes is only complaining about defendant's unlawful practices under an otherwise lawful agreement, then dismissal at that time may be appropriate. I am also of the opinion that leave should be given to plaintiff, as requested in his brief, to amend his complaint to join the local union, even though no complaint was filed against such union before the EEOC. See Bremer v. St. Louis Southwestern Railroad Company, 310 F.Supp. 1333 (E.D.Mo.1969), the factual context and rationale of which are consistent with our case. It follows that defendant's motion to dismiss must be denied.

The railroad has moved in the alternative to strike certain portions of the complaint. It first contends that Paragraphs II, V–A, V–B and V–E of the complaint should be stricken because this suit is not properly brought as a class action. The requirements for the maintenance of a class action are set forth in Rule 23(b). Without detailing those requirements individually, I believe that this case is particularly suited to a class action. Defendant has asserted that the class is not so large as to make joinder of all of its members impracticable as required by Rule 23. Both parties agree, however, that the number of persons whose interests must be involved is within the discretion of the court. In Utility Workers Local 246 v. Southern California Edison Co., 61 Labor Cases 6989 (C.D. Cal.1969), the court said:

> "The very nature of the Civil Rights Act contemplates the bringing of a class action by even a small number of discriminated-against persons on behalf of all who are or may in the future be similarly situated. Its purpose is to afford a broad remedy which comes to the rescue of all persons fitting the class of the plaintiffs. A class action is proper under Title VII filed on behalf of all persons who have applied and who will apply to an employer for employment." (p. 6990)

I hold that the class of persons defined in plaintiff's complaint is sufficiently large for the maintenance of a class suit,

and that a class action is otherwise justified under Rule 23.

Defendant also asserts that a class action is inappropriate because plaintiff is not a member of the class which he purports to represent. This is true, defendant says, because the fact is clear that plaintiff is no longer an employee of the railroad. If plaintiff can establish the truth of his allegations as to discrimination in employment based upon national origin, he was wrongfully terminated by defendant. He did not leave his employment with the railroad by his choice, but was terminated by the company. For the court to adopt the railroad's argument on this point would, as indicated by plaintiff, enable it to benefit from its own wrongful conduct. Defendant's motion to strike, on this issue, is denied.

The defendant next contends that Paragraphs V–A and V–D should be stricken because no such charges were made in the complaint to the EEOC. These paragraphs allege discrimination in hiring practices and policies and de facto segregation in the maintenance of toilet facilities. In King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga.1968), the court said:

> "The correct rule is that the complaint in the civil action is confined to those issues the original complaint has standing to raise, but may properly encompass any such discrimination like or reasonably related to the allegations of the charge [before the EEOC] and growing out of such allegations during the pendency of the case before the Commission." (p. 947)

Each of the allegations in the challenged paragraphs of the complaint relate to discriminatory conditions of employment to which minority ethnic groups are allegedly subjected. In my judgment these conditions are reasonably related to the charge before the EEOC. In reaching this conclusion, I am influenced by the fact that we are applying a remedial statute and that the persons whom the statute is designed to benefit and who file charges before the Commission are, generally speaking, "ordinary people unschooled in the technicalities of the law." King v. Georgia Power Co., *supra.*

Finally, the defendant moves that Paragraph VII–3 be stricken because "there is no allegation in the complaint that any number of the purported class other than plaintiff makes any claim to back pay or reinstatement." It also contends that these claims must first be determined by the National Railroad Adjustment Board which has exclusive jurisdiction to construe the terms of the collective bargaining agreements with the labor organizations described in defendant's motion to dismiss. I find no merit to these contentions. In Clark v. American Marine Corporation, 297 F.Supp. 1305 (E.D.La.1969), a class action was held to be proper in a situation almost identical to that existing in our case. Bremer v. St. Louis Southwestern Railroad Company, supra, a case which was cited in defendant's brief and which I followed earlier in this memorandum on the question of joinder of the local union, is directly in point on the question of jurisdiction. That court said in its opinion:

> "Prior to the enactment of the Civil Rights Act of 1964, disputes of this nature were unquestionably solely within the province of the Railroad Adjustment Board. Title VII of the Act has created an additional remedy, without eliminating the prior one, and plaintiff has stated a cause of action under the Act."

Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950), which was cited by defendant, was decided long before Title VII was enacted, and I do not view that case as authority for the proposition advanced by the railroad company. Furthermore, the factual context in which that case arose, a dispute between two unions as to the

scope of their respective agreements with a railroad, does not parallel our case.

It is ordered that defendant's motion to dismiss be denied, and plaintiff be granted 30 days to amend his complaint to include the local union as a party defendant, in accordance with the views expressed herein; and

It is further ordered that defendant's motion to strike be denied in every particular.