Robert B. PACE, Plaintiff,

v.

SUPER VALU STORES, INC., Defendant.

Civ. No. 10–265–C–1.

United States District Court,
S. D. Iowa, C. D.

June 5, 1972.

Frank A. Comito, Des Moines, Iowa, for plaintiff.

William J. Koehn, Leon R. Shearer, Jon T. Griffin, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION AND RULING ON MOTIONS

STUART, District Judge.

The above entitled matter is before the Court on defendant's Motion to Dismiss or Motion for Summary Judgment filed December 27, 1971 stating as a ground that plaintiff "failed to institute this action within the 30 day time limit established by 42 U.S.C. § 2000e–5(e)", which provides: "If * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, * * *."

The file shows that on the 14th day of April, 1971 plaintiff was notified by the Equal Employment Opportunity Commission of his right to sue as a result of their dismissal of his Charge of Discrimination. On May 10, 1971, plaintiff filed the following papers with the Clerk of this Court:

(1) The following letter addressed to the Clerk of Court:

"Enclosed is the Notice of Right to Sue within 30 days which I have received from the Equal Employment Opportunity Commission.

"I wish to file this letter as a complaint, in order to stop the running of the 30-day period afforded me for filing a suit pursuant to Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e). The enclosed memorandum from the General Counsel of the Equal Employment Opportunity Commission, indicates that this is the proper procedure for me to follow.

"Pursuant to Section 706(e), I hereby request that the Court appoint counsel for me in this case, since I am unable to obtain counsel. I also request that the Court authorize the commencement of this action without payment of fees, costs, or security. Please treat this letter as my application for appointment of counsel and for commencement of the action without prepayment. Robert B. Pace (Signature)."

(2) The following letter addressed to Mr. Pace from Equal Employment Opportunity Commission regional attorney:

"Enclosed is your Notice of Right to Sue and the other papers we discussed by phone on April 12, 1971.

"Please fill out and return all of these papers to me as soon as you can. When I receive them back I will review them and forward them to the Clerk of the Court with a cover letter. At the time I mail them to the Clerk for filing I will make copies and mail a copy of everything to you.

"The letter to the Clerk should be signed by you and dated.

"The application for leave to file action should be notarized.

"The three page affidavit of Financial Status should be filled in and notarized.

"If you have any questions, please call me."

(3) Notification of Right to Sue within 30 days;

(4) A copy of the charge of discrimination filed with the Equal Employment Opportunities Commission March 29, 1971, which stated in part as follows:

"My bids for jobs that would upgrade me were always turned down; I received harsh treatment; there was a tendency to drive me harder than other employees of this company; I was always expected to do twice as much work as other employees on the same shift; I was never considered for advancement; Tendency to be ignored when I asked for sick leave; When sickness occurred on the job, no consideration was given me for sick leave; There were always threats of dismissal for no just cause. I do not feel the employer offered equal employment opportunities to me as was offered to other employees of the company. After I left the employ of the company, they have given me negative reference which has prevented my gaining employment elsewhere. As a result of my termination, I was denied unemployment compensation. I do not feel I have been treated fairly by this company."

(5) Application for Leave to file action under Title 7 without payment of fees, costs or security and for the appointment of counsel;

(6) Affidavit of financial status.

On May 27, 1971 an Order was entered denying plaintiff the right to file without payment of costs and giving him 20 days within which to file a complaint on his own so the Court could determine whether it was meritorious or frivolous before determining whether counsel should be appointed.

On June 2, 1971 plaintiff filed his handwritten complaint.

On July 15, 1971 counsel was appointed to represent plaintiff.

On October 1, 1971 counsel filed on behalf of plaintiff an Amended and Substituted Complaint.

There seems to be agreement that if the aggrieved party does nothing within the thirty day period, action is barred by statute. Henderson v. Eastern Freight Ways, Inc. (D.Md., 1971), 330 F.Supp. 1287, 1289; Goodman v. City Products Corp. (6th Cir., 1970), 425 F. 2d 702, 703–704; Green v. Ford Motor Co. (W.D.Okla., 1969), 59 CCH Lab.Cas. ¶ 9220.

However, time after time ordinary laymen acting on their own without legal assistance and guided by misleading instructions from the EEOC have filed in a United States District Court some, if not all, of the papers filed by plaintiff here believing they thus complied with the statutory time limitation. The Courts have reached widely varying results in applying the statute.

Some Courts have applied the statute of limitations strictly by pointing out that such filing did not comply with Federal Rules of Civil Procedure 3 and 8 and as no action has been commenced within the thirty day period dismissal was required. Harris v. National Tea Company (7th Cir., 1971), 454 F.2d 307, 312; Brady v. Bristol-Meyers (E.D.Mo., 1971), 332 F.Supp. 995, 998–999, rev'd on other grounds (8th Cir., 1972), 459 F.2d 621.

Most courts, however, have refused to apply the statute of limitations strictly and for various reasons have refused to dismiss plaintiff's action. Harris v. Walgreen's Distribution Center (6th Cir., 1972), 456 F.2d 588, 592; Reyes v. Missouri-Kansas-Texas R. R. Co. (D. Kan., 1971), 53 F.R.D. 293, 296; Rice v. Chrysler Corporation (E.D.Mich., 1971), 327 F.Supp. 80, 84; Prescod v. Ludwig Industries (N.D.Ill., 1971), 325 F.Supp. 414, 416; McQueen v. E. M. C. Plastic Company (E.D.Tex., 1969), 302 F.Supp. 881, 884–885; Witherspoon v. Mercury Freight Lines, Inc. (S.D.Ala., 1968), 59 CCH Lab.Cas. ¶ 9218.

It has also been held that the letter filed (Notice of Right to Sue) constituted the bringing of an action. Austin v. Reynolds Metals Co. (E.D.Va., 1970), 62 CCH Lab.Cas. ¶ 9408.

The statutory scheme contemplates that a layman, unassisted by trained lawyers, initiate the lawsuit. Under such circumstances technicalities are particularly inappropriate. Love v. Pullman Co. (1972) 404 U.S. 522, 92 S. Ct. 616, 30 L.Ed.2d 679.

"This law is a remedial one, and the Congressional purpose would not be furthered by making plaintiffs of the kind with which we are concerned, members of the working class generally without substantial higher education, dot every 'i' or cross every 't' on their way to the courthouse." Antonopulos v. Aerojet-General Corporation (E.D.Cal.1968), 295 F.Supp. 1390, 1395.

Without deciding whether such filing alone would meet the requirement for bringing an action under the Federal Rules of Civil Procedure, the Court is of the opinion that the filing of all of the above papers did constitute the bringing of an action within the meaning of 42 U.S.C. § 2000e–5(e). Certainly they are not in the form ordinarily expected of a professionally prepared complaint, but they can be read together to state jurisdictional grounds, plaintiffs claim and a demand for equitable relief as required by Fed.R.Civ.P. 8. Notice pleading requires no more. If counsel is appointed he can amend the complaint to put it in more professional form. If counsel is not appointed motions and discovery can accomplish the same result.

I hold that the papers filed without aid of counsel on May 10, 1971 were sufficient to constitute the bringing of an action under 42 U.S.C. § 2000e–5 (e) and that the requirement of filing within thirty days was met and the action is not subject to dismissal on that ground.

Even if it were held that the papers filed May 10, 1971 were not sufficient to constitute the bringing of an action the Court believes Congressional intent would be more nearly satisfied by following the line of cases which holds that the filing of the notice of right to sue letter within the thirty day period tolls the statute and that the filing of a complaint within a reasonable time thereafter constitutes substantial compliance with the act. Reyes v. Missouri-Kansas-Texas R. R. Co., supra.

Under all the circumstances here the handwritten complaint and the Amended and Substituted Complaint were filed within a reasonable time.

It is therefore ordered that defendant's Motion to Dismiss or for Summary Judgment is denied.