520 F.2d 1312
 10 Fair Empl.Prac.Cas. 1423,
10 Empl. Prac. Dec. P 10,285
Kenneth L. HINTON, Appellant,
v.
CPC INTERNATIONAL, INC., and Oil, Chemical and Atomic
Workers International Union, Local 5-617, Appellees.
 No. 75-1052.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 10, 1975.
Decided July 17, 1975.
Rehearing and Rehearing En Banc Denied Aug. 21, 1975.
 
 Michael Lerner, Kansas City, Kan., for appellant.
 Leonard Singer, Kansas City, Mo., for appellee.
 Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.
 VAN OOSTERHOUT, Senior Circuit Judge.
 
 
 1
 In this case the plaintiff, Kenneth L. Hinton, an employee of defendant CPC International, Inc. (CPC), appeals from final order of the district court dismissing his complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court dismissed plaintiff's complaint by reason of plaintiff's failure to bring the action within the 90 day time period required by 42 U.S.C. § 2000e-5(f)(1) after first receiving notice from the Equal Employment Opportunity Commission (EEOC) of his right to sue. The trial court's Memorandum and Order is reported as Hinton v. CPC International, Inc., 386 F.Supp. 757 (W.D.Mo.1974). We agree with Judge Hunter's[1] ruling that the 90 day requirement is jurisdictional. We affirm.
 
 
 2
 On an unspecified date prior to July 17, 1973, plaintiff Hinton filed a complaint with the EEOC alleging unlawful employment policies on the part of the defendant CPC.[2] By letter dated July 17, 1973, the EEOC issued its statutory "Notice of Right to Sue Within 90 days" pursuant to 42 U.S.C. § 2000e-5(f)(1) in plaintiff's case against CPC.[3] Plaintiff did not receive such letter until July 19 or 20, 1973. Thereafter from July 17, 1973, through October 15, 1973, the EEOC was actively engaged in conciliation negotiations with CPC in regard to plaintiff's complaint with the Commission. One week prior to expiration of the 90-day period, which was October 15, 1973, plaintiff's attorney discussed his concern over the approaching expiration date with CPC's attorney. By letter dated October 10, 1973, CPC's attorney stated that if plaintiff's attorney did not file a Title VII action until after October 15 but filed prior to November 15, 1973, CPC would not raise the 90 day limitation as a defense. A similar letter was forthcoming from the union defendant October 12, 1973. By letter dated November 16, 1973, CPC's attorney extended on behalf of CPC the October 10th agreement up to and including December 17, 1973. The union defendant did not join in the latter extension of time.
 
 
 3
 Plaintiff's complaint in the district court was not filed until December 20, 1973, some 150 days after the right to sue notice was received from EEOC. Settlement negotiations continued up to and subsequent to the filing date.
 
 
 4
 The district court on its own motion on December 12, 1974, dismissed the complaint as against both defendants for want of federal jurisdiction because the complaint was not filed within 90 days of receipt of the right to sue letter. The court held that filing within the 90 day period is a jurisdictional prerequisite and that equitable considerations cannot toll the running of the 90 day period.
 
 
 5
 On appeal plaintiff Hinton presents these issues for review:
 
 
 6
 I. Did the trial court err in dismissing plaintiff's complaint for lack of subject matter jurisdiction when the jurisdictional basis for a parallel action under 42 U.S.C. § 1981 was also pleaded?
 
 
 7
 II. Is compliance with the 90-day statutory period for filing a suit under Title VII a jurisdictional prerequisite or a statute of limitations which can be tolled on equitable principles?
 
 I.
 
 8
 Plaintiff's complaint alleged 28 U.S.C. § 1343(4) as a basis for jurisdiction as well as 42 U.S.C. § 2000e-5(f). Although plaintiff has not pleaded a cause of action under 42 U.S.C. § 1981, he contends that his factual pleading of racial discrimination entitles him to relief under that civil rights statute.
 
 
 9
 Plaintiff's complaint was clearly denominated "an action authorized and instituted pursuant to . . . Title VII of the Civil Rights Act of 1964." The complaint is replete with references to 42 U.S.C. § 2000e but no mention is made of 42 U.S.C. § 1981. We find nothing in the record or Judge Hunter's memorandum to indicate that plaintiff raised his claim to relief under § 1981 in the district court.[4] It is well-settled law that issues not raised in the trial court cannot be considered by an appellate court as a basis for reversal. Smith v. American Guild of Variety Artists, 368 F.2d 511, 514-515 (8th Cir. 1966). Plaintiff's failure to raise the issue below is fatal to his cause.
 
 
 10
 Moreover, were we to consider the merits of plaintiff's contention we would have no trouble finding that plaintiff's motion to amend his complaint, coming well after his complaint was dismissed, would properly be denied. See Gibson v. Kroger Co., 506 F.2d 647, 653, (7th Cir. 1974).[5]
 
 II.
 
 11
 This circuit has not directly decided whether a Title VII suit must, as a jurisdictional prerequisite, be filed within the 90-day time period provided for in 42 U.S.C. § 2000e-5(f)(1). The Supreme Court has described the jurisdictional prerequisites to a Title VII suit as (1) filing timely charges of employment discrimination with the EEOC and (2) receiving and acting upon the Commission's statutory notice of the right to sue. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). At least one circuit court of appeals has interpreted the latter requirement to be a timely filing after receipt of the right to sue notice. Thornton v. East Texas Motor Freight, 497 F.2d 416, 424 (6th Cir. 1974).
 
 
 12
 In Huston v. General Motors Corp., 477 F.2d 1003, 1006 (8th Cir. 1973) we said:
 
 
 13
 We agree that the time limitation imposed by (42 U.S.C. § 2000e-5(f)(1)) generally bars any civil proceeding which is not initiated within 30 days after the complaining party receives a right-to-sue letter from the EEOC.[6]
 
 
 14
 The court held in Huston, however, that an application to the court for appointment of counsel within the 30 day period constituted a "bringing of the civil action under Title VII." 477 F.2d at 1008. The issue of whether the filing period could be extended on equitable grounds was not decided because it was held that the application for appointment of counsel constituted a bringing of the action within the specified time period.
 
 
 15
 The circuit courts of appeal which have considered the issue have uniformly held that the 90-day filing period found in 42 U.S.C.A. § 2000e-5(f)(1) is jurisdictional and mandatory. Cleveland v. Douglas Aircraft Co., 509 F.2d 1027, 1029 (9th Cir. 1975); Genovese v. Shell Oil Co., 488 F.2d 84, 85 (5th Cir. 1973); Archuleta v. Duffy's Inc., 471 F.2d 33, 34-35 (10th Cir. 1973); Stebbins v. Nationwide Mut. Ins. Co., 469 F.2d 268, 269 (4th Cir. 1972); Harris v. National Tea Co., 454 F.2d 307, 309 (7th Cir. 1971); Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970); see 4 A.L.R.Fed. 833 § 12(a) (1970). However, some courts have relaxed somewhat the pleading requirements in determining what constitutes a bringing of the action. In Harris v. Walgreen's Distrib. Center, 456 F.2d 588, 592 (6th Cir. 1972), the court held that an application for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(e) tolled the statutory period in Title VII suits until the motion was disposed of. See Huston v. General Motors Corp., supra at 1008; Harris v. National Tea Co., 454 F.2d 307, 310 (7th Cir. 1971); see also Gates v. Georgia-Pacific Corp., 492 F.2d 292, 295 (9th Cir. 1974). The mere filing in the district court of the right-to-sue letter by a plaintiff within the specified time period has been held to be an initiation of the action which satisfies 42 U.S.C. § 2000e-5(f)(1) despite the fact it does not comply with the requirements for pleadings found in the Fed.R.Civ.P. Reyes v. Missouri-Kansas-Texas R. R. Co., 53 F.R.D. 293, 296 (D.Kan.1971). See Huston v. General Motors Corp., 477 F.2d 1003, 1007 (8th Cir. 1973), citing with approval from Pace v. Super Value Stores, Inc., 55 F.R.D. 187 (S.D.Iowa 1972); Moshos v. Carpenters Local 1456, 386 F.Supp. 21, 23 (S.D.N.Y.1974).
 
 
 16
 Today we join those circuits which have held that the requirement found in 42 U.S.C. § 2000e-5(f)(1) for filing a complaint within 90 days is jurisdictional. Failure to bring an action under the section within 90 days deprives a federal district court of subject matter jurisdiction.
 
 
 17
 In each of the cases cited wherein the courts liberally found substantial compliance with the filing requirements of § 2000e-5(f)(1) the plaintiffs made some effort to initiate their action in the district court within the filing period, such as filing the right-to-sue letter as a pleading or making application for appointment of counsel. In the instant case plaintiff made no contact whatsoever with the district court within the jurisdictional 90 day time period.[7] Indeed, plaintiff does not even allege any such contact. We hold that plaintiff's failure to initiate his action in the district court in any manner within the jurisdictional 90-day period deprives the federal court of subject matter jurisdiction. Plaintiff's mistaken reliance on extensions of what his attorney considered to be a statute of limitations,[8] while unfortunate, provides no defense for failure to comply with the jurisdictional prerequisite of filing his Title VII suit within the 90-day period provided in 42 U.S.C. § 2000e-5(f)(1). The waivers executed by defendants agreeing not to raise the limitations defense were of no effect. In any event, plaintiff did not file his complaint within the period for which he had obtained the extensions. See footnote 7, supra.
 
 
 18
 The judgment of the district court dismissing the complaint for want of federal subject matter jurisdiction is affirmed.
 
 
 
 [1]
 Honorable Elmo B. Hunter, United States District Judge, Western District of Missouri
 
 
 [2]
 Defendant union Local 5-617 of the International Oil, Chemical and Atomic Workers, was named as a defendant because the ruling of the district court may, in some way, affect its collective bargaining agreement with CPC International, Inc. This matter originally came before Judge Hunter on Local 5-617's motion for summary judgment by reason of plaintiff's failure to file a complaint against it with the EEOC prior to proceeding in the district court. In view of our finding that the district court lacks subject matter jurisdiction over both defendants, we find it unnecessary to consider the merits of Local 5-617's summary judgment motion in that respect
 
 
 [3]
 Such notice provided in pertinent part:
 (P)ursuant to Section 706(f) of Title VII, you may, within 90 days after receipt of this notice, institute a civil action in the United States District Court having jurisdiction over your case. (Emphasis original).
 Should you decide to commence judicial action, you must do so within 90 days of the receipt of this letter or you will lose your right to sue under Title VII.
 
 
 [4]
 On April 7, 1975, the same day appellant's brief was filed with this court, and four months after entry of the judgment appealed from, Hinton filed a motion in the district court under Rule 60, Fed.R.Civ.P., seeking to have his action reinstated so that he could amend his complaint to specifically allege an action under 42 U.S.C. § 1981. This was the first time the trial court's attention was directed to the issue. The trial court denied the Rule 60(b) motion on June 4, 1975, and no appeal from the June 4 order is before us
 
 
 [5]
 In Johnson v. Railway Express Agency, --- U.S. ---, 95 S.Ct. 1716, 44 L.Ed.2d 295, the Supreme Court recently held that 42 U.S.C. § 2000e and § 1981 are separate and distinct remedies for racial discrimination in employment and not mutually exclusive. However, § 1981 was pleaded in Johnson, whereas it was not in the instant case
 
 
 [6]
 The Equal Employment Opportunity Act of 1972 amended 42 U.S.C.A. § 2000e-5(f)(1) to provide for a 90 day filing period following receipt of the right-to-sue letter
 
 
 [7]
 Not only did plaintiff fail to file his complaint within the prescribed statutory time period, he also failed to comply with the filing period extensions agreed to between himself and the two defendants. The latest date pursuant to the agreements on which plaintiff could have filed was December 17, 1973. The complaint was not filed until December 20, 1973. However, we prefer to base our decision on the jurisdictional question rather than on plaintiff's failure to comply with such agreements
 
 
 [8]
 Defendant CPC did not allege or plead the affirmative defense of a statute of limitations bar in its Answer. In view of our holding that the requisite filing period is jurisdictional, we need not consider the issue of whether CPC is precluded from tardily raising the statute of limitations bar