Josephine WELLS, Plaintiff,

v.

SHERWOOD MEDICAL INDUSTRIES, INC., and Local # 688 International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Defendants.

No. 75–1051C(3).

United States District Court, E. D. Missouri, E. D.

Jan. 12, 1976.

Charles R. Oldham, St. Louis, Mo., for plaintiff.

Clyde E. Craig, St. Louis, Mo., for Local # 688.

Timonthy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Sherwood Medical Industries.

MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon the motion of defendant Sherwood Medical Industries, Inc. (hereafter Sherwood) for summary judgment.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. It is the contention of defendant Sherwood that the plaintiff has failed to comply with the jurisdictional requirements of the statute requiring the bringing of a lawsuit within ninety (90) days of receipt of a "Right To Sue" letter.

On April 7, 1970, an allegation of racial discrimination in employment was filed against the defendant with the Equal Employment Opportunity Commission by an organization denominated as the "Black Employees of Sherwood Medical Industries, Inc." which was signed by Josephine Wells, the plaintiff in this action. Subsequently, on January 6, 1975, the E.E.O.C. sent a "Notice of Right To Sue Within Ninety (90) Days" to the Chairman of the "Black Employees of Sherwood Medical Industries, Inc.". No suit was filed pursuant to the above mentioned notice prior to the ninety (90) days prescribed period.

At a later date, the plaintiff in the instant action wrote to the E.E.O.C. requesting a "Right To Sue" letter in Case No. WSL3–129 and Charge No. TSLO–0024. The aforementioned case number and charge number are the same ones assigned by the E.E.O.C. to the charge filed against defendant Sherwood by the "Black Employees of Sherwood Medical Industries, Inc." On September 10, 1975, the E.E.O.C. sent to the plaintiff Josephine Wells a "Corrected Notice of Right To Sue" allowing the plaintiff to file suit against Sherwood Medical Industries, Inc., the defendant herein.

An examination of plaintiff's complaint, the original E.E.O.C. charge, and other related exhibits filed by defendant Sherwood, indicate that the same factual situation with regard to the ninety (90) day time period for initiating a Title VII

action exists with regard to defendant Local # 688 of the Teamsters Union.

It is clear from the aforementioned facts that the plaintiff is attempting to subvert the jurisdictional requirements of the Civil Rights Act of 1964. The compliance with the ninety (90) day period for filing suit against an employer has been held to be jurisdictional. *Hinton v. CPC International, Inc.,* 520 F.2d 1312, 1315 (8th Cir., 1975). Since the facts clearly indicate that the plaintiff has failed to comply with the jurisdictional requirements for initiating this type of lawsuit, and for the reasons stated above, summary judgment will be entered for the defendants.