427 F.Supp. 497 (1976)
Robert B. KENDRICK, Jr., Plaintiff,
v.
COMMISSION OF ZOOLOGICAL SUBDISTRICT et al., Defendants.
No. 76-614C(4).
United States District Court, E. D. Missouri, E. D.
November 22, 1976.
*498 Michael W. Forster, Coburn, Croft, Sheppard & Herzog, St. Louis, Mo., for plaintiff.
Timothy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Robert B. Kendrick, Jr. brought suit pursuant to 42 U.S.C. § 2000e et seq. and 28 U.S.C. § 1343, alleging that he was discharged because of his race.
This cause was tried to the Court without a jury. Being fully advised in the premises, the Court hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1. Plaintiff Robert B. Kendrick, Jr. is a black male resident of the state of Missouri and was during all times relevant herein a citizen of the United States. Defendant Commission of Zoological Subdistrict is a municipal body established for the purpose of administering and directing the St. Louis Zoological Park and exists by authority of the laws of the state of Missouri. Defendant Thomas McGuire is the duly appointed Chairman of the Commission. Defendant Robert T. Briggs was at all times relevant herein the Director of the St. Louis Zoological Park.
2. Plaintiff was hired by the St. Louis Zoological Park ["Zoo"] on April 15, 1973 and was terminated on October 24, 1973.
3. On October 20, 1973, plaintiff and another Zoo employee, Tim Cooney, had a disagreement over the sale of an automobile by Cooney to plaintiff. On October 21, 1973, plaintiff related the details of this disagreement to his wife, in the presence of plaintiff's cousin, Robert Brittney. Later that afternoon, Brittney and several of his friends went to the Zoo, specifically the Elephant House where both plaintiff and Cooney worked. Brittney and his friends entered the Elephant House kitchen, an area which is restricted to Zoo employees, with plaintiff. Although plaintiff was told by Rick Gaida, a co-employee, that Brittney and his friends were not supposed to be in the kitchen area, plaintiff did not attempt *499 to get them to leave. Brittney and his friends immediately began to fight with Cooney, which fight included punches and kicks. Plaintiff did not actually participate in the fighting but the Court finds that plaintiff was responsible for the presence of Brittney and his friends at the Zoo and knew that problems, although not necessarily a beating, would result.
4. On October 22, 1973, defendant Briggs met with the Zoo's General Curator, Charles Hoessle, and plaintiff, Cooney and two other employees who had been present at the incident. Statements were taken from all although only some of the statements were put in writing.
5. On October 24, 1973, plaintiff was terminated. This decision was made by defendant Briggs alone. The Court finds that this decision was not based, in whole or in part, upon plaintiff's race but rather the decision to discharge plaintiff was made because Briggs determined that plaintiff was involved in bringing outsiders into a restricted area of the Zoo for the purposes of intimidating or injuring Zoo employees.
6. The evidence established that other white employees had let visitors into restricted areas and that other white employees had been involved in fights with co-employees. There had not been, however, any prior incidents in which Zoo employees acted in the manner in which plaintiff acted herein.
7. Plaintiff filed a timely charge of discrimination against the St. Louis Zoo. A Right to Sue letter was issued on March 5, 1976. On June 4, 1976, plaintiff filed the Right to Sue letter with this Court and leave to file in forma pauperis was granted.
8. As of March 31, 1974, the Zoo employed 126 white individuals and 23 black individuals or 15.4% black employees. The evidence established that the Zoo drew most of its employees from St. Louis City and St. Louis County. The racial statistics for those areas, as reported by the United States Department of Commerce, Bureau of Census for 1970 indicate that the racial composition of the City of St. Louis and St. Louis County was 19% black.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and the parties to this suit. 42 U.S.C. § 2000e et seq., 28 U.S.C. § 1343. Defendants have contested this Court's jurisdiction on numerous bases. As to defendant Commission of Zoological Subdistrict, the argument made is that the complaint filed with the Equal Employment Opportunity Commission was filed against the St. Louis Zoo. Defendant Commission does not contend that it was unaware that the charge was filed. The Court concludes that the misnomer does not preclude jurisdiction pursuant to 42 U.S.C. § 2000e et seq. Defendant Commission further contends that the filing of the Right-to-Sue letter with the Court was insufficient to toll the 90-day statute of limitations and that, therefore, when a complaint was finally filed, the statute of limitations had run. The Court disagrees. Cf., Hinton v. C. P. C. International, Inc., 520 F.2d 1312, 1315 (8th Cir. 1975); Reyes v. Missouri-Kansas-Texas Railroad Company, 53 F.R.D. 293 (D.C. Kansas 1971).
As to defendants Briggs and McGuire, plaintiff proceeds by way of 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1981. Defendants contend that plaintiff may proceed only by way of 42 U.S.C. § 2000e et seq. and cite the Court to Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). That case is not applicable herein, however, because it is specifically limited to federal employees. Jurisdiction clearly exists as to the individual defendants under 28 U.S.C. § 1343. See Percy v. Brennan, 384 F.Supp. 800 (S.D.N.Y.1974).
The Court has found that plaintiff was not discharged, in whole or in part, because of his race but that the decision was based on plaintiff's involvement in the fight between his cousin and another Zoo employee. Under these circumstances, plaintiff's claim must fail. Cf., Christian v. General Motors Corporation, 341 F.Supp. 1207 (E.D.Mo.1972), aff'd, 475 F.2d 1407 (8th Cir. 1973).
*500 The statistical evidence adduced does not warrant a different conclusion. At the outset, the Court notes that the employment statistics for blacks at the Zoo does not vary that much from the general population statistics. Moreover, the number of employees at the Zoo is small and statistical evidence under such circumstances is of little value. Harper v. Trans World Airlines, Inc., 525 F.2d 409 (8th Cir. 1975).
Judgment will be entered for defendants.