Willie L. METCALF, Plaintiff,

v.

OMAHA STEEL CASTINGS CO., Defendant.

Civ. No. 79–0–271.

United States District Court, D. Nebraska.

Aug. 31, 1979.

Willie L. Metcalf, pro se.

Michael G. Helms, Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court on defendant's motion to dismiss for failure to comply with the appropriate statute of limitations.

The plaintiff's complaint was filed on June 11, 1979. The complaint alleges that the plaintiff was discriminatorily discharged from his employment by the defendant in violation of 42 U.S.C. § 1981 (1970) and 42 U.S.C. § 2000e (1970). Plaintiff's discharge occurred on or about July 6,

1977. Sometime after March 5, 1979, the plaintiff received his Notice of Right to Sue from the Equal Employment Opportunity Commission. This Notice of Right to Sue was filed by the plaintiff with the Clerk of the District Court on June 1, 1979. Ten days later, on June 11, 1979, plaintiff filed his complaint.

The defendant's motion to dismiss is based on two contentions. First, that the § 1981 action is barred because the complaint was not filed within thirty days of the termination of the administrative proceedings as required by Neb.Rev.Stat. § 48–1120 (Reissue 1978). Second, that the § 2000e claim is barred because the plaintiff's complaint was not filed within ninety (90) days of the date of the Notice of Right to Sue as required by § 2000e–5(f)(1).

*Section 1981 Limitations Period*

■ Since 42 U.S.C. § 1981 has no specified period of limitations, it is well settled that federal courts must apply the most analogous state statute of limitations. *Chambers v. Omaha Public School District,* 536 F.2d 222, 225 (8th Cir. 1975). The defendant contends that the appropriate limitation period is found in the Nebraska Fair Employment Act (NFEA), Neb.Rev.Stat. § 48–1120. This statute provides that any appeal from the Nebraska Equal Opportunity Commission must be brought within thirty (30) days of the Commission's order.

The defendant's contention is without merit and has been rejected by the Eighth Circuit Court of Appeals in *Chambers v. Omaha Public School District, supra.* In that case, the defendant argued that the appropriate statute of limitations for a § 1981 action is the NFEA period within which a claim must be brought before the Equal Employment Opportunity Commission. *See* Neb.Rev.Stat. § 48–1118. This contention was dismissed by the court because an administrative agency's limitation period does not apply to judicial proceedings. *Chambers v. Omaha Public School District, supra,* 536 F.2d at 226. Although the statute of limitations proffered by the defendant in the instant case is a limitation on judicial action, the court's analysis in

*Chambers* still controls. In refusing to apply the NFEA limitation period, the *Chambers* court relied on the analysis of the Seventh Circuit in *Waters v. Wisconsin Steel Works of International Harvester,* 427 F.2d 476 (7th Cir. 1970), and quoted the following passage from that opinion:

The Illinois act provides only for an administrative remedy and review of the F.E.P.C.'s findings in the state courts. Different considerations obviously apply to suits by private litigants in courts of law. In contrast to the Illinois F.E.P.A., the entire burden of investigating and developing a case under section 1981 lies with the private litigant.

*Chambers v. Omaha Public School District, supra,* 536 F.2d at 226.

The limitation period offered by the defendant is designed to limit the period of judicial review of orders of the Nebraska Equal Opportunity Commission. The scope of the judicial review of these orders is limited to the Commission's record, Neb.Rev.Stat. § 48–1120, and therefore the litigant's burden in preparing his case would not be as great as in developing a case under section 1981. It is clear that "different considerations" apply to the setting of this limitation period than would apply in a normal civil suit. This Court, therefore, holds that Neb. Rev.Stat. § 48–1120 is not the most analogous state statute.

■ In selecting the appropriate state statute, this Court relies on the *Chambers* decision in which the court held:

Nebraska has enacted a statute which clearly applies to actions founded upon federal statutes such as § 1981 and § 1983. Neb.Rev.Stat. § 25–219 (Reissue of 1964) provides:

All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within three years next after the cause of action shall have accrued.

We are unable to conceive of any cogent reason why the clear wording of this statute precludes its application to the in-

stant case, nor has plaintiff advanced any persuasive arguments to render the statute inapplicable.

*Chambers v. Omaha Public School District, supra,* 536 F.2d at 228.

This Court therefore holds that Neb.Rev. Stat. § 25–219 is the appropriate statute of limitations and that plaintiff's claim was timely brought within its three year limitation period.

*Section 2000e Limitations Period*

■ The requirement of filing a complaint within ninety (90) days of Notice of Right to Sue found in 42 U.S.C. § 2000e–5(f)(1) (1970) is a jurisdictional prerequisite in the Eighth Circuit. *Hinton v. CPC International, Inc.,* 520 F.2d 1312, 1315 (8th Cir. 1975). The *Hinton* court, however, noted that some courts have relaxed the pleading requirement in determining what constitutes the bringing of an action for the purposes of § 2000e–5(f)(1). *Hinton v. CPC International, Inc., supra,* 520 F.2d at 1315. For example, in *Huston v. General Motors Corporation,* 477 F.2d 1003 (8th Cir. 1973), the Eighth Circuit held that presentation of a request for the appointment of counsel within the statutory period constituted the bringing of an action under Title VII. *Huston v. General Motors Corporation, supra,* 477 F.2d at 1008. This holding was based on the remedial nature of Title VII and on the desire not to unduly burden laymen seeking to enforce their Title VII rights. Although the Eighth Circuit has never specifically held that filing of the Notice of Right to Sue constituted the bringing of an action under Title VII, it has on two occasions suggested that such filings may be sufficient. In *Huston,* the court quoted with approval the following language from *Pace v. Super Valu Stores, Inc.,* 55 F.R.D. 187 (1972):

> I hold that the papers filed without aid of counsel on May 10, 1971 were sufficient to constitute the bringing of an action under 42 U.S.C. § 2000e–5(e) and that the requirement of filing within thirty days was met and the action is not subject to dismissal on that ground.

> Even if it were held that the papers filed May 10, 1971 were not sufficient to constitute the bringing of an action the Court believes Congressional intent would be more nearly satisfied by following the line of cases which holds that the filing of the notice of right to sue letter within the thirty day period tolls the statute and that the filing of a complaint within a reasonable time thereafter constitutes substantial compliance with the act. *Reyes v. Missouri-Kansas-Texas R.R. Co.* [53 F.R.D. 293], supra. [*Id.* at 190.]

*Huston v. General Motors Corporation, supra,* 477 F.2d at 1007.

Similarly, the *Hinton* court noted in dicta that "[T]he mere filing in the district court of the right-to-sue letter by a plaintiff within the specified time period has been held to be an initiation of the action which satisfies 42 U.S.C. § 2000e–5(f)(1) despite the fact that it does not comply with the requirements for pleadings found in the Fed.R.Civ.P. *Reyes v. Missouri-Kansas-Texas R.R. Co.,* 53 F.R.D. 293, 296 (D.Kan. 1971)." *Hinton v. CPC International, supra,* 520 F.2d at 1315. The *Hinton* court then, in summarizing, stated: "In each of the cases cited wherein the courts liberally found substantial compliance with the filing requirements of § 2000e–5(f)(1) the plaintiffs made some effort to initiate their action in the district court within the filing period, such as filing the right-to-sue letter as a pleading or making application for appointment of counsel." *Hinton v. CPC International, supra,* 520 F.2d at 1315. These Eighth Circuit opinions do not directly control the instant case, but do provide some indication of how this Circuit would decide this issue.

In deciding the instant case, this Court, however, need not rely solely on intimations found in these Eighth Circuit opinions, for there are several district court opinions which deal specifically with the sufficiency of filing the Notice of Right to Sue. *See Kendrick v. Commission of Zoological Subdistrict,* 427 F.Supp. 497, 499 (E.D.Mo.1976); *Pace v. Super Valu Stores, Inc.,* 55 F.R.D. 187, 190 (S.D.Iowa 1972); *Reyes v. Missou-*

ri-Kansas-Texas Railroad Company, 53 F.R.D. 293, 296 (D.Kan.1971). In *Kendrick v. Commission of Zoological Subdivision, supra,* Judge Nangle summarily disposed of the defendant's jurisdictional challenge by holding that

> Defendant Commission further contends that the filing of the Right-to-Sue letter with the Court was insufficient to toll the 90-day statute of limitations and that, therefore, when a complaint was finally filed, the statute of limitations had run. The Court disagrees. *Cf., Hinton v. C.P.C. International, Inc.,* 520 F.2d 1312, 1315 (8th Cir. 1975); *Reyes v. Missouri-Kansas-Texas Railroad Company,* 53 F.R.D. 293 (D.C.Kansas 1971).

*Kendrick v. Commission of Zoological Subdivision, supra,* 427 F.Supp. at 499. This case was later affirmed on appeal. *Kendrick v. Commission of Zoological Subdistrict,* 565 F.2d 524 (8th Cir. 1977). The Eighth Circuit's opinion affirming Kendrick did not discuss the issue of the sufficiency of the filing. However, since timely filing is a jurisdictional requirement, it can be assumed that the court accepted Judge Nangle's analysis.

In light of the Eight Circuit's liberal construction of § 2000e–5(f)(1) and the district court opinions discussed above, this Court holds that the plaintiff's filing of the Notice of Right to Sue on June 1, 1979, was sufficient to toll the statute of limitations found in 42 U.S.C. § 2000e–5(f)(1). Since the plaintiff received his Notice of Right to Sue no earlier than March 5, 1979, the filing on June 1, 1979, was within the ninety (90) day limitation period. Notwithstanding this timely filing, the plaintiff was still required to file a complaint within a reasonable time of the filing of the Notice of Right to Sue in order to substantially comply with § 2000e–5(f)(1). *Pace v. Super Valu Stores, Inc., supra,* 55 F.R.D. at 190; *Reyes v. Missouri-Kansas-Texas Railroad Company, supra,* 55 F.R.D. at 297. The plaintiff accomplished this by filing his complaint on June 11, 1979, ten (10) days after the filing of the notice. The plaintiff's claim under § 2000e was therefore

timely brought and the Court has jurisdiction.

An order will be issued contemporaneously with this Memorandum Opinion.