1999 OK CIV APP 14

**Mary BAIN, Plaintiff/Appellant,**

v.

**WILCOX & JONES, INC. and Wilcox & Jones Benefits, Inc., Defendants/Appellees.**

**No. 91697.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 27, 1998.

Certiorari Denied Jan. 27, 1999.

---

**2.** Both definitions are found in *Webster's Third New International Dictionary,* unabridged; Merriam–Webster, 1986.

Mary L. Lohrke, Tulsa, Oklahoma, For Appellant.

Glennella P. Doss, Tulsa, Oklahoma, For Appellee.

## OPINION

Opinion by CAROL M. HANSEN, Judge:

¶ 1   Plaintiff, Mary H. Bain, entered into a business relationship with Dennis Jones (Jones) and Tom Wilcox (Wilcox), co-owners of Defendant Wilcox & Jones, Inc., (Jones, Inc.) for the purpose of forming Wilcox & Jones Benefits, Inc. Plaintiff, president of Wilcox and Jones Benefits, Inc. (Benefits), claims that shortly after entering into this business arrangement, Jones began making unwelcome sexual advances toward her.

Plaintiff also claims that when she rejected his advances, Jones began a campaign of retaliatory conduct directed at her. She complained in writing to Jones and Wilcox of the sexual harassment and retaliatory conduct by Jones, and on June 24, 1995, she received notice she had been fired.

¶ 2   On December 14, 1995, (173 days after notice of her termination), Plaintiff filed a Complaint Intake Questionnaire with the Oklahoma Human Rights Commission (OHRC).   On December 29, 1995, Plaintiff was notified her complaint could not be accepted because "Plaintiff did not report the alleged harassment for 3½ years to her superiors," and she had "no evidence or witnesses to her allegations."[1]

¶ 3   On April 18, 1996, Plaintiff mailed an Intake Questionnaire to the Equal Employment Opportunity Commission (EEOC) which the EEOC received on April 19, 1996.[2] Therein, she indicated she was discriminated against by her employer, Jones, Inc. On May 20, 1996, Plaintiff received notice from the EEOC that the OHRC had waived its right to initial action on her charge and that the EEOC would be conducting an investigation.[3] That same date Plaintiff received from EEOC a typed charge of discrimination with

---

1.   Title 25 O.S.1991 § 1502(A) provides:

A person claiming to be aggrieved by a discriminatory practice ... may file with the Commission a written sworn complaint stating that a discriminatory practice has been committed, and setting forth the facts upon which the complaint is based, and setting forth facts sufficient to enable the Commission to identify the person charged, hereinafter called the respondent.   The Commission or a member of the Commission or the staff shall promptly furnish the respondent with a copy of the complaint and shall promptly investigate the allegations of discriminatory practice set forth in the complaint.   The complaint must be filed within one hundred eighty (180) days after the alleged discriminatory practice occurs.

2.   42 U.S.C. § 2000e–5(e) (1994) provides:

**Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency.**   (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place, and circumstances of the alleged unlawful employment practice) shall be served upon the person

against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

3.   During 1996 the EEOC and the OHRC operated under a Workshare Agreement whereby the EEOC and the OHRC acted as the agent of the other for purposes of receiving charges, "including those that are not jurisdictional with the agency that initially receives the charges."   The OHRC "shall take all charges alleging a violation of Title VII ... where both the [OHRC] and EEOC have mutual jurisdiction, or where EEOC only has jurisdiction...."

instructions to sign the charge and return it to the EEOC. On June 21, 1996, Plaintiff mailed to the EEOC the signed charge. On July 17, 1996, Plaintiff's charge was filed.

¶4 On August 8, 1996, the EEOC forwarded to Jones, Inc., the charge of discrimination. On September 9, 1997, Plaintiff received from the EEOC a Dismissal and Notice of Rights indicating Plaintiff's charge was not timely filed, and also that she had ninety days to initiate a lawsuit (Notice of Right to Sue).[4]

¶5 On December 8, 1997, Plaintiff filed the instant lawsuit in the Tulsa County District Court.[5] In her petition, she alleged Jones, Inc., and Benefits constitute one employer for purposes of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. She alleged sexual harassment and retaliation against Defendants in violation of Title VII, and she also alleged a second cause of action for breach of contract. Defendants filed a motion to dismiss contending Plaintiff's claims under Counts I and II (sexual harassment and retaliation) failed to state a cause of action against them because the OHRC and the EEOC claims were barred by the statute of limitations in 25 O.S.1991 § 1502(A) and 42 U.S.C. § 2000e–5.

¶6 On March 18, 1998, the trial court sustained Defendants' motion to dismiss as to Counts I and II and sustained as to Count III against Defendant, Jones, Inc., only. The trial court overruled Defendants' motion to dismiss as to Count III "insofar as such Count relates to Defendant [Benefits]."

¶7 The trial court also denied Plaintiff's motion to reconsider the order dismissing Counts I and II. Plaintiff filed a Second Motion to Reconsider based on the discovery of new evidence.[6] The trial court denied this motion, specifically finding "Plaintiff's failure to file a charge with the EEOC within 30 days of the state agency's termination of proceedings renders her charge untimely pursuant to 42 U.S.C. § 2000e–5(e)(1). The Court rejected Plaintiff's contention that the 30 day provision of Section 2000e–5(e)(1) does not apply in this case because there was no formal initiation of state agency proceedings and therefore no termination of such proceedings." The trial court also determined there was no just reason for delaying the preparation and filing of a final judgment as to its denial of the Second Motion to Reconsider and further directed the filing of a final judgment for Defendants on Counts I and II Pursuant to 12 O.S.1998 § 994.[7] Plaintiff appeals this decision.

¶8 Plaintiff argues the trial court erred in determining Plaintiff did not timely file her charge of discrimination with the EEOC. On December 29, 1995, OHRC notified Plaintiff that her complaint could not be accepted. On April 18, 1996, Plaintiff mailed her Intake Questionnaire to the EEOC. On April 19, 1996, the EEOC received it. Pursuant to 42 U.S.C. § 2000e–5(e), Plaintiff did not file her charge within 30 days after receiving notice from OHRC that it had terminated proceedings under Oklahoma law. However, Plaintiff argues that her April filing of the EEOC charge was within 300 days of the alleged

4. The requirement in 42 U.S.C. § 2000e(f)(1) for filing a civil action within 90 days of receipt of the right-to-sue letter is jurisdictional. *Hinton v. CPC International, Inc.*, 520 F.2d 1312 (8th Cir. 1975). Pursuant to this section, Plaintiff, as a "person aggrieved," may institute the civil action.

5. Federal courts do not have exclusive jurisdiction over actions brought under Title VII. Congress has not divested state courts of concurrent authority to adjudicate federal claims under Title VII. *Yellow Freight System, Inc., v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).

6. The new evidence was an April 17, 1998, affidavit by the Area Director for the Oklahoma Area

Office of the EEOC. Therein, the director stated she received Plaintiff's intake questionnaire on April 18, 1996. She further stated the questionnaire was not filed until April 19, 1996. She then stated that "[i]n accordance with section 1601.21(1) the EEOC has issued a notice to reconsider (Exhibit B) since the April 18, 1996 receipt of information makes the above charge timely filed." However, notice of intent to reconsider does not revoke the notice of right to sue, if the charging party has filed suit. 29 CFR 1601.21(b)(1).

7. It is apparent from the allegations of Plaintiff's petition and the parties' arguments contained in this record that the breach of contract claim is truly a separate cause of action rather than an alternative theory of relief.

unlawful employment practice and that the filing is timely pursuant to § 2000e–5(e) because of the workshare agreement between the OHRC and the EEOC, under which each agency acts as the agent of the other for purposes of receiving charges.

¶ 9 Plaintiff refers this Court to cases from various circuits wherein those Courts of Appeal held the workshare agreement between the state agencies and the EEOC, operated automatically to commence and terminate state proceedings and to extend the limitations period to 300 days.[8] However, those cases have no applicability in an instance, such as this one, where initially, the state proceedings were terminated because of untimeliness, and then, over three months later, the EEOC charge was filed. Section 2000e–5(e) specifically provides that if a charge is initially filed with a state agency, such charge shall be filed within 300 days of the alleged unlawful employment practice (June 24, 1995), "or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." (Emphasis added). On December 29, 1995, Plaintiff was noticed by letter the OHRC had terminated the proceedings. She did not file her charge with the EEOC within 30 days of such date.

¶ 10 Nevertheless, Plaintiff contends that because the OHRC did not "accept" her Intake Complaint Questionnaire because she did not report the alleged sexual harassment for 3½ years and because she had no evidence or witnesses to support her allegations, it could not have "terminated" proceedings. Plaintiff has offered no authority to support this argument. The trial court's decision denying Plaintiff's Second Motion for Reconsideration is AFFIRMED. Because of this Court's decision, it becomes unnecessary to address Plaintiff's remaining propositions of error.

¶ 11 Defendants seek appeal-related attorney fees based on 12 O.S.1998 Supp. § 995 which allows recovery of attorney fees in actions which the appellate court dismisses

as frivolous. That motion for appeal-related attorney fees is denied.

AFFIRMED.

ADAMS, J., and BUETTNER, P.J., concur.

---

**8.** *See Griffin v. City of Dallas,* 26 F.3d 610 (5th Cir.1994), *Worthington v. Union Pacific RR.,* 948 F.2d 477 (8th Cir.1991), and *Sofferin v. American Airlines, Inc.,* 923 F.2d 552 (7th Cir.1991).