Marion MASON

v.

STATE OF CONNECTICUT, et al.

Civ. No. N–83–110 (PCD).

United States District Court, D. Connecticut.

March 12, 1984.

Marion Mason, pro se.

Robert W. Garvey, Laurie Adler, Asst. Attys. Gen., Hartford, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

DORSEY, District Judge.

This action alleging sex discrimination in employment and retaliatory treatment and discharge violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and §§ 16 and 18 of the Civil Rights Act of 1870, 42 U.S.C. § 1981, comes before the court on defendants' motion to dismiss any and all claims under § 1981 and all Title VII sex discrimination claims stemming from the denial of tuition benefits to plaintiff. For the reasons set forth below, the motion is granted and further proceedings on this complaint shall be limited to the Title VII claims of unlawful retaliation.

Taking plaintiff's well-pleaded factual allegations as true, the issue presented by the instant motion is whether the pleadings state a valid § 1981 claim and a valid Title VII claim involving tuition benefits, such that, if she proves what she has well-pleaded, the law would permit her to recover. The complaint of a *pro se* plaintiff[1] is given the benefit of a liberal reading, for it

---

1. Plaintiff's motion to proceed *in forma pauperis* was granted upon the affidavit submitted with her complaint on February 23, 1983. In a report filed November 21, 1983, plaintiff suggested she might seek court-appointed counsel and alluded to unavailing efforts to obtain private or free legal assistance. In response, plaintiff was advised, should she be desirous of appointed counsel, to so inform the court and submit for consideration under 42 U.S.C. § 2000e–5(a) and *Jenkins v. Chemical Bank,* 721 F.2d 876 (2d Cir.1983), a financial affidavit and evidence of her efforts to obtain a lawyer. Plaintiff has not brought any such request to the court's attention, and remains *pro se.* She has not filed a memorandum in opposition to the instant motion.

should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Corby v. Conboy,* 457 F.2d 251 (2d Cir.1972).

Under this standard, the relevant facts well-pleaded disclose the following: (1) The plaintiff, a female [2] resident of New Haven, was employed as a senior secretary at what was then known as Southern Connecticut State College (SCSC) in New Haven, from October 1, 1979, until her resignation on December 27, 1981. (2) SCSC was part of the system of state colleges under the supervision and control of the defendant Board of Trustees for State Colleges for the defendant State of Connecticut, an agency of the defendant State of Connecticut, now known as the Board of Trustees of the Connecticut State University. (3) An active and informed steward of the SCSC clerical staff bargaining unit, plaintiff frequently inquired about and took advantage of certain available programs, policies and workshops aimed at self-improvement and personal and professional growth. (4) For at least part of the period in question, all members of the SCSC clerical staff bargaining unit were female. (5) SCSC offered a tuition waiver for certain of its employees or categories of employees, but clerical employees were not afforded this opportunity. (6) Plaintiff applied for a waiver of the expenses of several courses in which she enrolled, but as a clerical worker the application was denied. (7) On April 30, 1981, plaintiff filed administrative charges with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the federal Equal Employment Opportunity Commission (EEOC), alleging sex discrimination in that the denial of tuition benefits denied her equal terms and conditions of employment. (8) Subsequent-

ly, her continued employment became untenable, and she resigned on December 27, 1981. (9) On December 15, 1981, plaintiff filed a second administrative charge, amended January 5, 1982, with the appropriate state and federal agencies, alleging a series of retaliatory acts by her employers, because she filed the prior sex discrimination charge. The retaliation allegedly forced her resignation.

As a remedy for "[t]he denial of tuition benefits, the harassment and intimidation which forced the plaintiff's resignation and the resulting lack of income, education, and severe mental hardship" (Complaint, ¶ 6), plaintiff, in this action commenced on February 23, 1983, seeks: a declaratory judgment that the defendants violated Title VII and § 1981; the award of full money damages together with punitive damages; and costs and reasonable legal fees.

## DISCUSSION

### A. *The § 1981 Claims*

Section 1981 proscribes only discrimination on the basis of race.[3] It was intended to uproot the institution of slavery and eradicate its badges and incidents. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Section 1981 does not provide a remedy for discrimination based on sex. *See, e.g., Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976). Where, as here, neither the underlying administrative charges nor the judicial complaint suggest any racial discrimination, § 1981 cannot serve as a basis for relief.

Accordingly, defendants' motion to dismiss any claims under 42 U.S.C. § 1981 must be granted.

It is not necessary to reach defendants' further arguments that: (1) the eleventh

---

**2.** The complaint and the record before the court allude only to sex as the basis of her claim of discrimination and the case is considered solely on that basis.

**3.** Title 42 U.S.C. § 1981 provides:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce con-

tracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

amendment bars certain aspects of the relief sought herein under § 1981 as it would in an action brought under § 1983 against a state or a state agency, *see, e.g., Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); and (2) a claim of retaliatory discharge violative of § 704(a) of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–3, is not cognizable under § 1981. *See, e.g., Tramble v. Converters Ink Co.,* 343 F.Supp. 1350 (N.D.Ill.1972); *Hudson v. IBM,* 9 EPD ¶ 9991 [CCH] (S.D. N.Y.1975), *aff'd,* 620 F.2d 351 (2d Cir.), *cert. denied,* 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980) (resting affirmance on failure of proof, without considering the soundness of *Tramble* ); *contra, Thomas v. Maimonides Medical Center,* 511 F.Supp. 665 (E.D.N.Y.1981). While a cognizable claim for the discrimination herein alleged may lie under 42 U.S.C. § 1983, giving all benefit of the doubt to a *pro se* plaintiff, the complaint does not state, even implicitly, such a claim.

### B. *Title VII Claims*

As noted above, plaintiff seeks relief for alleged sex discrimination in the denial of tuition benefits to clerical workers and for alleged unlawful retaliation by her employers after she filed the sex discrimination charge.

Title VII provides that a person claiming to be aggrieved may file suit within ninety days of the receipt of a negative determination regarding the administrative charge[4] in the form of or accompanied by a right-to-sue letter from the EEOC. Plaintiff was mailed such a determination and notice concerning her sex discrimination/tuition benefits charge on November 2, 1981. (*See* Plaintiff's Response to Defendants' Request for Admissions, ¶ 2). This action was commenced more than a year later, on February 23, 1983, within ninety days of her receipt of a negative determination and right-to-sue letter which pertained to her second charge of November 23, 1982. (*Id.* ¶ 4).

While the Supreme Court has stated, albeit rather loosely, *see Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 48, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973), and the courts of appeal (*see, e.g., Hinton v. CPC Int'l, Inc.,* 520 F.2d 1312 (8th Cir.1975)) have frequently agreed that this ninety-day period is a jurisdictional prerequisite, some courts have expressly or by implication viewed the requirement as a statute of limitations or condition precedent to suit, which, in compelling circumstances, can be extended for equitable reasons. *See generally,* 54 A.L.R.Fed. 335 (1981). This latter and less rigid view would appear consistent with an intimation in *Mohasco v. Silver,* 447 U.S. 807, 811 n. 9, 100 S.Ct. 2486, 2490 n. 9, 65 L.Ed.2d 532 (1980) and analogous to *Zipes v. TWA, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The *Zipes* Court held that the procedural requirements (including limitation periods) for filing administrative charges with the EEOC are not jurisdictional in nature, but are merely conditions precedent to suit under Title VII, and thus are subject to equitable relief in appropriate circumstances.

Assuming *Zipes* is properly interpreted to compel characterization of the suit-filing period as in the nature of a condition precedent rather than a jurisdictional prerequisite, *see Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1216–19 (5th Cir.), *rehearing denied,* 685 F.2d 1383 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103

---

**4.** Title 42 U.S.C. § 2000e–5(f)(1) provides in part as follows:

> ... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has

> not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought ... by the person claiming to be aggrieved.

S.Ct. 729, 74 L.Ed.2d 954 (1983) (suit-filing requirements are also in nature of conditions precedent rather than jurisdictional), the complaint nonetheless cannot withstand the instant motion to dismiss insofar as the sex discrimination/tuition benefits charge is concerned. While some courts have permitted the formal complaint to be filed after the expiration of the suit-filing period on the grounds, *inter alia,* that a petition for appointment of counsel tolls the suit-filing period, *see, e.g., Harris v. Walgreen's Distrib. Center,* 456 F.2d 588, 591–92 (6th Cir.1972), or that filing the right-to-sue letter with the court suffices to toll the suit-filing period where the complaint is filed within a reasonable time thereafter, *see, e.g., Metcalf v. Omaha Steel Castings Co.,* 476 F.Supp. 870 (D.Neb.1979); *Ruiz v. Shelby County Sheriff's Dept.,* 725 F.2d 388 (6th Cir.1984), the instant record offers no basis for a finding that plaintiff's failure to satisfy the ninety-day suit-filing requirement should be excused on these or other equitable grounds. Where defendant alleges specifically and with particularity, as here, that any of the conditions precedent to suit have not been fulfilled, the plaintiff is required under Fed.R.Civ.P. 9(c), to prove they were satisfied. *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992 (11th Cir.1982). Plaintiff has not met this test.

■ The filing of the retaliation charge on December 15, 1981, and the subsequent issuance of a right-to-sue letter on November 23, 1982, does not alter this result. Where a complainant fails to bring a judicial action based on an administrative charge of discrimination within ninety days of receiving notice of the EEOC's negative determination of his charge and his resultant right to sue, the subsequent filing of further administrative charges based on a different basis of discrimination does not revive the time-barred earlier claims. *Bell v. Emerson Elec. Co.,* 31 EPD ¶ 33.531 [CCH] (E.D.Mo.1983). As the *Bell* court noted, *id.* at 29,458 in a very similar case:

> For the court to hold here that plaintiff's allegations of racial discrimination with respect to promotion and discharge are

like or related to plaintiff's allegation of retaliation would simply allow plaintiff to bootstrap his initial allegations onto his retaliation claim, reward plaintiff for his lack of diligence in pursuing in federal court his racial discrimination claims, and provide a means by which nonassiduous Title VII plaintiffs could circumvent the time requirements contained in the statute.

■ The Title VII claims stemming from the original sex discrimination charge involving the denial of tuition benefits, therefore, are not properly before the court, as plaintiff did not pursue her grievance in federal court as provided by law within ninety days of receipt of her right-to-sue letter and has offered no equitable considerations upon which to excuse this omission. However, to the extent this action purports to raise Title VII claims based on retaliatory treatment and/or discharge, it is timely filed and properly before the court.

■ As a result of the narrowing of this action as presently framed in the complaint, remedies for plaintiff's surviving claim of unlawful retaliation under Title VII cannot include compensatory or punitive legal damages, *see, e.g., Walker v. Ford Motor Co.,* 684 F.2d 1355, 1363–64 (11th Cir.1982); *Campbell v. A.C. Petersen Farms,* 69 F.R.D. 457, 467–68 (D.Conn. 1975), although costs under Fed.R.Civ.P. 54(d) and retroactive relief is available under Title VII to make an aggrieved plaintiff whole. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Neither is the matter, under Title VII, triable to a jury. *Great American Fed. Sav. & Loan Ass'n. v. Novotny,* 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979).

In deciding defendants' motion as hereinabove set forth, the court has construed the *pro se* plaintiff's complaint as required by *Haines,* 404 U.S. 519, 92 S.Ct. 594, and *Corby,* 457 F.2d 251, and without applying Local Rule 9(a) which, by reason of plaintiff's failure to file an opposing memorandum, would constitute sufficient cause to

grant the motion "except where the pleadings provide sufficient grounds to deny the motion."

SO ORDERED.