June RINALDI

v.

FCD CORPORATION, SUBSIDIARY OF MARK IV INDUSTRIES, INC. (formerly known as LFE Corporation).

Civ. No. N–87–421(JAC).

United States District Court, D. Connecticut.

April 26, 1988.

As Modified Aug. 24, 1988.

Patty Jenkins Pittman, Pittman and Swaine, New Haven, Conn., Counsel for plaintiff.

Tracy Alan Saxe, Sachs, Berman, Rashba & Shure, New Haven, Conn., Counsel for FCD Corp.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

### BACKGROUND

Plaintiff, having been issued a "right-to-sue" letter by the Equal Employment Opportunity Commission on July 2, 1987, commenced this action on September 21, 1987, within the time limit provided in 42 U.S.C. § 2000e–5(f)(1), alleging discrimination on the basis of sex in violation of 42 U.S.C. §§ 2000e–2(a) and 3(a). The original complaint, like the administrative action, named as defendant LFE Corporation ("LFE"), a subsidiary of Mark IV Industries, Inc., into whose employ plaintiff had entered in May 1983.

On November 3, 1987, defendant LFE Corporation filed a Motion to Dismiss Complaint ("LFE's Motion to Dismiss") for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted, supported by an affidavit attached thereto and sworn by E. MacKay Fraser, former Vice President and General Counsel of LFE Corporation, on October 29, 1987. LFE argues that it is not a proper party because on January 1, 1986, six months before plaintiff voluntarily terminated her employment, LFE formed a wholly owned subsidiary named FCD Corporation ("FCD"), which had thereupon become plaintiff's employer.

On November 18, 1987, plaintiff responded to this motion to dismiss in two ways: she filed a Brief in Opposition to Motion to Dismiss Complaint ("Brief in Opposition"), and she filed an Amended Complaint. The Amended Complaint names FCD as defendant, and drops all reference to LFE, except to indicate in the caption that FCD was "formerly known as LFE Corporation" and to allege that FCD is the successor of LFE. The Brief in Opposition argues that any defect in the original complaint was cured

by the amendment thereto, and that the amendment naming FCD "relates back" to the original filing under Fed.R.Civ.P. 15(c). *See* Brief in Opposition at 2–4.

On November 30, 1987, FCD filed a Motion to Dismiss Complaint ("FCD's Motion to Dismiss"), supported by an affidavit filed the same day and sworn by David J. Calverley, attorney for FCD Corporation, on November 25, 1987, and by a Memorandum of Law in Support of Motion to Dismiss (filed Jan. 29, 1988) ("FCD's Memorandum").

Both LFE's Motion to Dismiss and FCD's Motion to Dismiss are pending before the court.

### THE MOTIONS TO DISMISS

LFE's Motion to Dismiss can be, and is hereby, denied as moot in light of the Amended Complaint (filed Nov. 18, 1987), which does not name LFE as a defendant.

FCD's Motion to Dismiss invokes Fed.R. Civ.P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), 12(b)(5) (insufficiency of service of process), and 12(b)(6) (failure to state a claim upon which relief can be granted). In fact, the arguments in support of the motion can be reduced to two assertions: (1) that FCD Corporation was not properly served with process, and (2) that the amendment, more than 90 days after the issuance of the right to sue letter, substituting FCD for LFE as defendant is an impermissible attempt to use Fed.R.Civ.P. 15(c) to circumvent the timing strictures of 42 U.S.C. 2000e–5(f)(1). *See* FCD's Motion to Dismiss at 1. Since defendant's papers do not clearly link these arguments to the respective grounds for its motion, the court will attempt to do so, treating first questions of personal jurisdiction and sufficiency of process.

The complaint alleges, and no document of FCD contests, that FCD is a corporation with its principal place of business in Connecticut. It is therefore difficult to see how defendant can be claiming lack of personal jurisdiction, unless that claim is related to the claim that service on defendant was insufficient. The record contains a

signed Notice and Acknowledgment of Summons and Complaint (filed Dec. 3, 1987), and defendant appears to concede that the Notice was served on FCD's agent for service of process. *See* FCD's Memorandum at 5. Therefore it appears that there is no reason to conclude that the service of process was insufficient apart from the contentions discussed below regarding the timeliness of the naming of FCD as defendant.

The more substantial claims of the motion to dismiss are that no right-to-sue letter has issued against FCD itself, and that the complaint was not amended to name FCD until more than 90 days after the issuance or receipt of the right-to-sue letter naming LFE as a defendant. The court presumes that both of these claims relate at least in some way to the issue of subject matter jurisdiction and finds that, on the state of the record before it, defendant has not carried its burden on the motion to dismiss insofar as it is based on Rule 12(b)(1).

 Although the burden is ultimately on plaintiff to establish jurisdictional facts, the district courts as a general rule will provide plaintiff with at least an opportunity for limited discovery before dismissing for lack of subject matter jurisdiction. *See Kamen v. American Tel. and Tel.*, 791 F.2d 1006, 1011 (2d Cir.1986). There is evidence here that FCD in fact participated in the administrative proceedings in which only LFE was named. *See* Brief in Opposition, Exhibit 1 (FCD's letter to the Connecticut Commission on Human Rights and Opportunities, dated Jan. 1, 1987, concerning settlement of complaint against LFE). Although that letter does implicitly indicate the change of name, it does not do more than that: by its silence on the issue of the name of defendant, it may well have been taken to indicate consent to the prosecution of the claim notwithstanding the misnomer; it certainly provides plaintiff with no notice that the naming of LFE is *in*appropriate. Thus, insofar as the motion rests upon the fact that the right-to-sue letter does not name FCD, and upon allegations about the nature of the relationship between LFE

and FCD, plaintiff correctly suggests that she is at least entitled to discovery upon which to resist the motion. *See* Reply Brief in Opposition to Defendant's Motion to Dismiss (filed Dec. 7, 1987) ("Reply Brief in Opposition") at 2–3. The court finds, therefore, that it would be premature to dismiss on the grounds that the right-to-sue letter does not name FCD.

FCD's second major contention—that, even if the right-to-sue letter is adequate against it, the complaint should be dismissed because it was not timely filed—also seems to have a jurisdictional character in defendant's presentation of it. *See, e.g.,* FCD's Memorandum at 4 ("It is also clear that failure to sue within ninety days deprives the court of jurisdiction.") In support of the proposition that the 90–day limit is "strictly enforced," FCD cites *Mason v. State of Connecticut*, 583 F.Supp. 729, 733 (D.Conn.1984). *See* FCD's Memorandum at 3. In fact, while plaintiff in that case did not present the kind of equitable circumstances in which the 90–day limitation might be relaxed, the *Mason* court recognized that the decision in *Zipes v. TWA, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed. 2d 234 (1982) might properly be interpreted "to compel characterization of the suit-filing period as a condition precedent rather than a jurisdictional prerequisite." *See Mason*, 583 F.Supp. at 732.

 More importantly, our Court of Appeals, roughly contemporaneously with *Mason*, citing *Zipes v. TWA, Inc.*, clearly indicated that the 90–day period is not to be considered a jurisdictional prerequisite, and that "our prior indication ... that the time limit may be equitably tolled accurately reflects how the district courts should treat the 90–day rule." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984). Under the rule of *Johnson* and *Zipes*, this court concludes that the fact that the complaint was not amended to name FCD within 90 days of plaintiff's receipt of a right-to-sue letter does not deprive the court of subject matter jurisdiction.

Defendant also moves, however, to dismiss for failure to state a claim upon which relief can be granted. Since defendant does not adduce any arguments in support of this ground for the motion other than those discussed above, the court assumes that the argument here is solely that the 90–day limit is in the nature of a statute of limitations, which has allegedly been exceeded, and which cannot be circumvented by amending the complaint to name FCD under Fed.R.Civ.P. 15(c).

Defendant correctly points out that the decision of the United States Supreme Court in *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) interprets Rule 15(c) to require that (1) the basic claim have arisen out of conduct set forth in the original pleading; (2) the new party have received notice such that it not be prejudiced in maintaining its defense; (3) the new party knew or should have known that but for a mistake concerning an identity, the action would have been brought against it, and (4) the second and third requirements have been met within the statute of limitations period. The court reads FCD's Motion to Dismiss and Memorandum of Law in Support thereof to focus on the second and fourth requirements.

It has been held that the notice requirement may be satisfied by informal as well as formal notice, so long as the party to be added is not prejudiced in maintaining its defense on the merits. *See Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1399 (9th Cir.1984). The Supreme Court recognized in *Schiavone,* 477 U.S. at 28, 106 S.Ct. at 2384, that some Courts of Appeals employ an "identity-of-interest" exception under which timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party. In *Schiavone,* the Court did not have occasion either to accept or reject that test, because the facts of that case—where *no* defendant had received notice within the limitations period—did not fall within it. The identity-of-interest concept has been applied to test whether there is prejudice to the substitute defendant in allowing the

amendment to "relate back" because of loss of evidence or undue surprise. *See* 3 *Moore's Federal Practice* ¶ 15.15 [4.–2] at 15–167–68 (2d ed. 1987). It has been applied, for example, to permit relating back where plaintiff has erroneously named a corporate division rather than the corporation. *See Pittman v. Anaconda Wire & Cable Co.,* 408 F.Supp. 286 (E.D.N.C.1974).

On a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take the facts alleged in the complaint to be true, and deny the motion "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977). The court must also, in considering a motion under Rule 12(b)(6), either exclude materials extraneous to the pleadings, or convert the motion to dismiss to a motion for summary judgment. *See Goldman v. Belden,* 754 F.2d 1059 (2d Cir.1985). The court exercises its discretion to do the former. *See* 2A *Moore's Federal Practice* ¶ 12.09[3] at 12–77 (2d ed. 1987).

■ The amended complaint alleges that FCD is a successor to LFE, and that plaintiff was subject to a course of continuing discriminatory conduct which bridged the transition between LFE and FCD. It would appear, then, that there may indeed be a set of facts under which FCD, as successor to LFE and as employer of plaintiff, had at least informal notice of the suit against LFE within the limitations period, and that FCD was a "sufficiently related party" to LFE for concern about prejudice to be at a minimum.

Thus, none of defendant's arguments is sufficient to warrant dismissal in the circumstances presented either for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, LFE's Motion to Dismiss Complaint (filed Nov. 3,

1987) is denied as moot, and FCD's Motion to Dismiss Complaint (filed Nov. 30, 1987) is denied.

It is so ordered.