**Clarence W. MAHURIN, Applicant,**

v.

**Herbert K. MOSS, Gary L. Anderson, James E. Bowles, Lawrence Holman, Raymond R. and Clinton B. Roberts, Vincent P. Sexauer, W. Oliver Rasch, Respondents.**

**No. 70 C 241(1).**

United States District Court,
E. D. Missouri, E. D.
May 19, 1970.

Clarence W. Mahurin, pro se.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Plaintiff, Clarence W. Mahurin, pro se, has brought this action under 42 U.S.C. §§ 1983 and 1985, including a claim for actual and punitive damages and injunctive relief, alleging deprivation of rights guaranteed him by the Federal Constitution. Plaintiff is presently confined in the Missouri State Penitentiary at Jefferson City, Missouri, serving a term of life imprisonment upon a jury verdict of guilty to the charge of murder in the first degree. Plaintiff seeks leave to proceed in forma pauperis.

This is another in a series of pleadings that this plaintiff has brought to the attention of this court. In the past, plaintiff has alleged matters so scurrilous and scandalous that this court has been compelled to have them stricken from the record. In that regard, the present action is not substantially different.

The complaint names nine defendants. Defendant, Herbert K. Moss, is Judge of the Circuit Court of Jefferson County, Missouri. Defendant, Gary L. Anderson, is an attorney and member of the faculty of the School of Law of the University of Missouri at Columbia, Missouri. Defendant, James E. Bowles, is an attorney practicing in Hillsboro, Missouri, Defendant, Lawrence Holman, is a Judge of the Missouri Supreme Court at Jefferson City, Missouri. Defendants, Raymond R. and Clinton B. Roberts, are attorneys engaged in the practice of law at Farmington, Missouri. Defendant, W. Oliver Rasch, is General Attorney for St. Joseph Lead Company at Bonne Terre, Missouri. Defendant, Vincent P. Sexauer is clerk of the Circuit Court and ex officio recorder of deeds in Ste. Genevieve, Missouri.

The complaint in this action is incoherent, rambling and largely unintelligible. However, it appears that plaintiff is alleging that four of the named defendants are controlled by the Mafia, and are gangsters known as the "Missouri Combination". An injunction is sought to prevent these four defendants from engaging in illegal conduct. The allegations are scurrilous, scandalous and unsupported by factual allegations; they are immaterial and unrelated to plaintiff's cause of action, if any, under 42 U.S.C. §§ 1983 and 1985, and totally devoid of credulity, and, therefore, will be stricken from the record.

It further appears that plaintiff is alleging that on March 17, 1949, twelve Missouri police officials illegally entered plaintiff's home, ransacked it, damaging his personal property; that the officers then illegally arrested plaintiff and held him for 54 hours before taking him before a magistrate, during which time the officers refused to allow plaintiff to call an attorney or his family, but did exhibit him in lineups and interrogate

him. Plaintiff does not allege that defendants or either of them engaged in any way in the alleged misconduct. There is no allegation in the complaint from which it can be inferred that the defendants in any way participated in the alleged misconduct, or condoned it, or even that they knew about it. In fact, the defendants are not and were not Missouri police officials and could not have been connected with the alleged misconduct. At the date of the alleged deprivation of rights, defendants, Clinton Roberts, Bowles and Anderson, were all under ten years of age. Defendant, Raymond R. Roberts, was fifteen years of age. Defendant Moss was a special agent and agent in charge of the Federal Bureau of Investigation. Judge Holman was then engaged in the general practice of law at Moberly in Randolph County, Missouri, and in January, 1948, he became Circuit Judge in Randolph County.

Plaintiff has paraphrased 42 U.S.C.A. § 1985 in his complaint, but has made no statement of fact, or even a conclusion, with respect to it.

■ Courts should endeavor to construe pro se complaints for the protection of civil rights with utmost liberality and without regard to technicalities. See, e.g., Lockhart v. Hoenstine, 411 F. 2d 455 (3rd Cir. 1969); Beard v. Stephens, 372 F.2d 685 (5th Cir. 1967). However, the rules do not require unreasonable construction or gross assumptions. Mosher v. Bierne, 237 F.Supp. 684 (E.D.Mo.1964), aff'd 357 F.2d 638.

■ In order to state a cause of action under 42 U.S.C.A. § 1983, facts must be alleged which show that defendant, while acting under color of state law, subjected plaintiff, or caused plaintiff to be subjected, to the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Haldane v. Chagnon, 345 F.2d 601 (9th Cir. 1965). Plaintiff's complaint totally fails to state a cause of action. Accordingly, the court will grant plaintiff leave to file the complaint in forma pauperis, and, on its own motion, dismiss the complaint for failure to state a cause of action.

It is, therefore, ordered that the plaintiff is granted leave to proceed in forma pauperis.

It is further ordered that the complaint be and the same is hereby dismissed.