James William JOHNSON

v.

HOST ENTERPRISE, INC., Barry March, Carl Whirt.

Civ. A. No. 78–2079.

United States District Court, E. D. Pennsylvania.

March 15, 1979.

382

James William Johnson, pro se.

Jack M. Hartman, Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

James William Johnson, who is proceeding pro se, brought this suit against defendants for alleged acts of racial discrimination that resulted in the termination of his employment with Host Enterprise, Inc. Plaintiff bases jurisdiction on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 2000e et seq. Defendants Host Enterprise, Inc. and Barry March have moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff alleges that he was discharged from his employment with Host Enterprise, Inc. on March 28, 1977, and that his discharge was "racially motivated." In July, 1977, plaintiff filed a complaint with the Pennsylvania Human Relations Commission. Application for Appointment of Counsel ¶ 4. That complaint was eventually dismissed.[1] *Id.* Plaintiff states that on September 20, 1977, he mailed his charge of discrimination to the Equal Employment Opportunity Commission (EEOC). The

charge was stamped "Received" by the EEOC on September 27, 1977. On March 7, 1978, the EEOC dismissed plaintiff's charge because it was untimely filed. On the same date a right to sue letter was sent to plaintiff. On May 1, 1978, plaintiff filed his right to sue letter with the clerk of this Court. On June 21, 1978, he filed his complaint in the instant action.

Defendants Host Enterprise, Inc. and Barry March argue that because plaintiff failed to file his charge with the EEOC within one hundred eighty days of the alleged unlawful employment practice, 42 U.S.C. § 2000e–5(e), and because he failed to bring this civil action within ninety days after receipt of notice that the EEOC had dismissed his charge, 42 U.S.C. § 2000e–5(f)(1) subject matter jurisdiction is lacking and the complaint must be dismissed. Although we agree with defendants that plaintiff's failure to comply with the statutory requirements of Title VII of the Civil Rights Act of 1964, as amended, bars his Title VII claim, for the reasons discussed *infra* we do not believe that dismissal of plaintiff's action in its entirety is appropriate.

The time for filing charges with the EEOC is established by 42 U.S.C. § 2000e–5(e). That section provides that:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with

---

1. The record in this case reflects neither the exact date on which plaintiff filed his complaint with the Pennsylvania Human Relations Commission, nor the date on which it was dismissed by the Commission. In plaintiff's affidavit in support of his application for appointment of counsel, however, plaintiff avers that he filed his complaint in July 1977. Assuming plaintiff filed his complaint on July 1, 1977, it would have been filed ninety-five days after his discharge, which occurred on March 28, 1977. It would therefore not have been timely filed under the Pennsylvania statutory scheme, 43 P.S. § 959, which requires filing within ninety days after the alleged act of discrimination.

authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Plaintiff states that he mailed his charge to the EEOC on September 20, 1977. This mailing was on the one hundred seventy-sixth day after the 'alleged unlawful discrimination. It was stamped received by the EEOC on September 27, 1977, one hundred eighty-three days after the discharge. Charges of employment discrimination may, of course, be filed with the EEOC by mail. 29 C.F.R. § 1601.8 (1978). The timeliness of filings, however, is determined by the date on which the charge is received by the EEOC. 29 C.F.R. § 1601.13(a) (1978). At the time plaintiff's charge was received by the EEOC, it was therefore untimely, and it was dismissed by the EEOC for that reason. Attachment C to defendant's motion to dismiss. EEOC findings of untimeliness generally are entitled to great weight. *Weise v. Syracuse University*, 522 F.2d 397, 413 (2d Cir. 1975). We find that plaintiff's charge, received by the EEOC on September 27, 1977, was not timely filed.[2]

When Congress enacted Title VII of the Civil Rights Act of 1964, cooperation and voluntary compliance were perceived as the preferred means for eliminating discriminatory practices. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). "Conciliation rather than formal court proceedings remains the preferred method of settling disputes." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). By filing his charge with the EEOC in an untimely fashion, plaintiff deprived the EEOC of the opportunity of resolving this dispute. Because plaintiff did not file his charge of employment discrimination with the EEOC within the limits prescribed by statute, his Title VII claims must be dismissed. *See De Gideo v. Sperry-Univac Co.*, 415 F.Supp. 227 (E.D.Pa.1976).[3]

Although plaintiff's Title VII claims must be dismissed, it does not necessarily follow that his action must be dismissed in its entirety. 42 U.S.C. § 1981 provides that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

As the Supreme Court noted in *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975): "§ 1981 affords a federal remedy against discrimination in private employment on the basis of race. An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and,

---

**2.** Because plaintiff's complaint with the Pennsylvania Human Relations Commission was not timely filed, *see* note 1 *supra*, plaintiff may not avail himself of the longer filing periods provided for by 42 U.S.C. § 2000e–5(e) in cases in which proceedings are initially instituted with a State or local agency. *De Gideo v. Sperry-Univac Co.*, 415 F.Supp. 227 (E.D.Pa.1976).

**3.** Because we find that plaintiff's Title VII claims are barred by his failure to file them in a timely fashion with the EEOC, we need not consider whether plaintiff's filing of his right to sue letter constituted bringing a civil action within the meaning of 42 U.S.C. § 2000e–5(f)(1). *See, e. g., Huston v. General Motors Corp.*, 477 F.2d 1003 (8th Cir. 1973); *Kendrick v. Comm'n of Zoological Subdistrict*, 427 F.Supp. 497 (E.D.Mo.1976), *aff'd*, 565 F.2d 524 (8th Cir. 1977); *Reyes v. Missouri-Kansas-Texas Railroad Co.*, 53 F.R.D. 293 (D.Kan.1971).

under certain circumstances, punitive damages." The Court noted further that "the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent." *Id.* at 461, 95 S.Ct. at 1721. Most significant for purposes of this case, the administrative procedures required in a Title VII suit create no judicial barrier to a suit under § 1981. *Young v. International Tel. & Tel. Co.,* 438 F.2d 757, 763 (3d Cir. 1971). Plaintiff's untimely filing of his charge with the EEOC therefore has no effect on his right to proceed on a § 1981 theory.

 Because there is no federal statute of limitations for a cause of action under § 1981, appropriate state law must be consulted to determine the applicable limitation. *Johnson v. Railway Express Agency, supra.* On the facts of this case, a six year limitation would apply. *Davis v. United States Steel Supply,* 581 F.2d 335 (3d Cir. 1978); *Groves v. Insurance Co. of North America,* 433 F.Supp. 877 (E.D.Pa.1977); *Pierce v. Catalytic, Inc.,* 430 F.Supp. 1180 (E.D.Pa.1977). Plaintiff's action was brought well within that limitation.

 Plaintiff's complaint, however, makes no specific mention of § 1981. In fact, it is specifically labelled "Complaint under the Civil Rights Act of 1964." As noted *supra,* however, plaintiff is proceeding pro se. Although plaintiff has requested the appointment of counsel, we earlier denied that request. Under these circumstances, we believe that it is particularly appropriate to ensure that plaintiff's lack of familiarity with the somewhat complicated statutory scheme designed to protect him from racial discrimination in employment does not result in the inadvertent forfeiture of his rights. It is axiomatic that pro se pleadings in civil rights cases should be construed with liberality. *See Mahurin v. Moss,* 313 F.Supp. 1263 (E.D.Mo.1970). Plaintiff's complaint, which should be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), alleges facts that

may fairly be said to make out a claim under § 1981. The liberality with which we must read plaintiff's complaint extends to matters of law as well as matters of fact. *Taylor v. Gibson,* 529 F.2d 709 (5th Cir. 1976). Under the circumstances of this case, we believe it would violate the remedial purposes of the civil rights laws to penalize plaintiff for failure to proceed under the proper legal theory. *Cf. Jenkins v. Fidelity Bank,* 365 F.Supp. 1391 (E.D.Pa.1973). Plaintiff will therefore be permitted to amend his complaint to allege a claim under 42 U.S.C. § 1981.