**Ruth L. MOFFETT, Plaintiff,**

v.

**William F. BOLGER, Postmaster General, Defendant.**

**Civ. A. No. 81–6 Erie.**

United States District Court, W. D. Pennsylvania.

Dec. 15, 1981.

John A. Bozza, Erie, Pa., for plaintiff.

John P. Garhart, Asst. U. S. Atty., Erie, Pa., Mariann E. Schick, Philadelphia, Pa., for defendant.

OPINION

WEBER, Chief Judge.

This Title VII action was brought by plaintiff, alleging race and sex discrimination in defendant's refusal to award her a career position with the United States Postal Service. Defendant has filed a motion to

dismiss for lack of jurisdiction due to plaintiff's failure to properly pursue administrative remedies. The court allowed a limited time for discovery of this specific issue, and plaintiff has now filed her response.

Plaintiff, Ruth L. Moffett, had attained the status of career postal employee while working in Chicago in 1968. She resigned her position in March of 1970 and moved to Erie, Pennsylvania. Under Postal Service Regulations, the plaintiff retained reinstatement rights for a maximum of three years following resignation. Such rights may be exercised by application to the post office of your choice. Ms. Moffett began making inquiries about available work to the Erie Post Office in May of 1970. She did not, however, fill out an application form and her reinstatement rights expired on March 9, 1973.

Ms. Moffett had made her first visit to the Erie Post Office in May of 1970, inquiring about available work. Being aware that the Post Office often hired extra help at Christmas she also appeared in 1971 and 1972 seeking a casual temporary appointment. In November of 1973, she again inquired about a casual appointment and was awarded such a position. Her deposition shows that she was well aware of the temporary nature of her appointment.

During this period of employment, which terminated early when she suffered an injury on the job, Ms. Moffett had been informed that there was a possibility of a career position becoming available. Personnel had sent for and received her previous employment files from Chicago, and she was told to take the mailhandler's examination again. She did so and passed and was placed on the list in January 1974. However, she never received any career appointment.

Ms. Moffett's deposition shows that by 1974, when no appointment was forthcoming, she thought she might have been discriminated against, although she indicated that she knew of no white males who received the position while she did not. She contacted an EEO counselor at this time. She testified that whoever held the position as counselor at that time did not have her fill out any forms or complaints and that he informed her he was only temporary and would be leaving soon.

Between 1974 and 1977, the plaintiff testified that she made frequent, periodic visits to the Post Office, but was always told there was no work available. She stopped trying to see an EEO counselor in 1975. In January of 1976, Ms. Moffett went off the hiring register she had been on as a result of having passed the mailhandler's exam in 1974, when that list expired. Despite the fact that she was no longer eligible for employment, she continued to visit the post office about work.

Ms. Moffett did not see an EEO counselor until 1977, when a Mr. Apuzzo was on board. His investigation into her case showed that she had gone off the hiring register in 1976 and so could not be hired. After 21 days of counseling, Mr. Apuzzo issued the plaintiff a letter stating that since the counseling had not resulted in a resolution, she had the right to file a formal complaint. No complaint was filed. Finally, Mr. Apuzzo informed the plaintiff that there was nothing more he could do for her and that he wanted to issue a 2579 form, notice of final interview. Ms. Moffett refused to sign such a form, stating that instead she wanted continued counseling. Mr. Apuzzo was later transferred to Virginia.

Ms. Moffett obtained another casual appointment in 1978. During this period of employment, she again saw an EEO counselor, Mr. Alacce, who had her fill out a formal complaint. Her complaint of discrimination for failure to award her a career appointment showed the date of discrimination as "1973, continuous." This complaint was rejected by the Agency because plaintiff had not been the victim of any discriminatory practice within the 30 days preceding her consultation with an EEO counselor on October 2, 1978. This final agency decision was upheld by the Equal Employment Opportunity Commission. Plaintiff then filed the action in this court in January of 1981.

When the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, was enacted, Congress included a separate scheme for redress of federal employment discrimination. Complainants are not given direct access to the courts but are required to first pursue relief administratively through their own agency. *Brown v. G.S.A.*, 425 U.S. 820, 839, 96 S.Ct. 1961, 1971, 48 L.Ed.2d 402 (1976). Complainants are required to exhaust the administrative procedures in a timely manner before a claim can be heard in federal court. *Ettinger v. Johnson*, 518 F.2d 648 (3d Cir. 1975).

The regulations governing the administrative procedures are found at 29 C.F.R. § 1613.211, et seq. These regulations establish specific time limitations for the filing of complaints. The agency may only accept complaints where the "complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter." 29 C.F.R. § 1613.214.

In this case, the plaintiff's complaint was dismissed for failure to timely comply with the above regulation. Her complaint showed a date of "1973, continuous" as the time of discrimination, but her complaint was not brought until 1978. Defendant has raised this matter again in its motion to dismiss currently before this court. If the plaintiff failed to follow the administrative procedures in a timely fashion, this court has no jurisdiction over this action.

Plaintiff argues that the rigorous time limitations established by the regulations may be excused in certain circumstances. Plaintiff first argues that this type of action represents a continuing violation which will excuse compliance with the regulatory time frame. *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975). Next plaintiff alleges that the act of discrimination was a "passive" failure to hire her as a career handler. Since the postal authorities never took any particular formal action, plaintiff is unable to point to any precise date upon which she was discriminated against. It was only after a substantial period of time passed with no action having been taken that she suspected discrimination. Therefore, there is no date from which to measure the 30 days for consultation with an EEO counselor.

We find that the alleged discrimination complained of here was not in the nature of a continuing violation. The Supreme Court limited the continuing violation doctrine in *United Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). *Evans* held that a plaintiff may not challenge the present effects of a neutral policy that may result from a past discrimination. See also *Bronze Shields, Inc. v. New Jersey Department of Civil Service*, 667 F.2d 1074 (3d Cir. 1981). In the instant case, plaintiff was no longer on the hiring register as of January 1976, and therefore could no longer be hired under the civil service system. Even if there had been a discriminatory failure to hire while she was on the hiring register in 1974 and 1975 resulting in her lack of obtaining career status, once the plaintiff's name was no longer on the list of eligible applicants, any continued refusal to hire was merely the application of the neutral civil service scheme. Therefore, any possible violation terminated when Ms. Moffett was no longer on any hiring register. This situation represents the present effects of a possible past discrimination. Plaintiff has not presented any evidence of current discriminatory policies or any organized scheme of discrimination which continues into the present.

We also hold that although specific dates for discrimination may be unavailable, the facts show specific times at which the plaintiff had acquired sufficient knowledge to have put her on notice of possible discrimination, giving rise to her obligation to proceed with her claim. In her deposition, plaintiff herself acknowledges an awareness of possible discrimination as far back as 1974. Although she did attempt to see an EEO counselor at this time, she was unsuccessful. Plaintiff further testified

that after continued attempts, she stopped trying to contact a counselor at some point in 1975 even though actions of the personnel office had made her feel even more strongly that she may have been discriminated against. Between 1975 and 1976, when the hiring register containing her name expired, Ms. Moffett did not attempt to see an EEO counselor. As we stated earlier, January of 1976 is the last possible date of discrimination since after that time she could not have been hired under the regulations. Plaintiff did not see an EEO counselor again until 1977, long after the 30 day time limitation of discrimination claims would have expired. Plaintiff claims that she knew nothing about the requirement of hiring registers and that she was unaware of the necessity for re-examination. The lack of knowledge, even if true, does not imply any continued wrong doing on the part of the defendant that would allow any extension of the regulatory time-frame.

Finally, when she did see another EEO counselor in 1977, the plaintiff refused to file a complaint even though she was informed that she had the right to do so since there was nothing more the counselor could do for her. Despite being informed of her right to do so, she did not file any complaint until October of 1978.

Therefore, we find that the complaint of discrimination of October, 1978, was untimely filed in that the plaintiff had not been the subject of alleged discrimination within 30 days prior to having contacted an EEO counselor, as required by the regulations. The defendant's motion to dismiss will be granted.