**F. Killings BEY and Thomas Christian, Jr., Plaintiffs,**

v.

**SCHNEIDER SHEETMETAL, INC., Defendant.**

**Civ. A. No. 84–872.**

United States District Court, W.D. Pennsylvania.

March 7, 1985.

John O. Gunn, Pittsburgh, Pa., for plaintiffs.

William P. Getty, David A. Luptak, Pittsburgh, Pa., for defendant.

OPINION

WEBER, District Judge.

This case is again before the court on defendant's motion for summary judgment supported by brief and evidentiary materials. Plaintiffs have responded with a brief in opposition, unsupported by evidentiary materials except for those previously attached exhibits to the complaint.

Defendant has again asserted its claim that plaintiffs have failed to file timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and therefore fail to state a claim upon which relief can be granted under Title VII. In support, defendant provides the deposition testimony of plaintiffs themselves. The prior opinion of this court, 596 F.Supp. 319, relied on plaintiffs' affidavits which provide information different from that contained in their more recent deposition testimony. The deposition testimony indicates that both plaintiffs believed at the time of their layoffs on November 16, 1982 and November 30, 1982 that they were being racially discriminated against. (Bey Dep. Tr. at 28–29; Christian Dep. Tr. at 37). In prior affidavits the plaintiffs contended:

... 7. On or about July 20, 1983 I, ... was informed that no work was available to me at alternate job sites.

8. Subsequently, I learned that white sheetmetal workers had been assigned to perform work at alternate job sites.

In deposition testimony, Mr. Bey indicated that he gained his knowledge by driving past Schneider Sheetmetal job sites. He admitted that he has no information as to whether any white employees were hired or transferred to the job sites which he observed between his layoff in November, 1982, and his rehire in November, 1983 (Bey Dep. Tr. at 42–43).

Thomas Christian named two white employees who were *transferred* to another job site following his layoff on November 16, 1982. These individuals told Mr. Christian in late November 1982 that they had been transferred from the job where Chris-

tian had worked, to another project. (Christian Dep. Tr. at 30–33). At the time these individuals were transferred, Christian was disabled and receiving Workmen's Compensation benefits, which he claimed and received from the time of his layoff through December 13, 1982 (Christian Dep. Exhibit 1).

This testimony makes it clear that the facts on which plaintiffs rely to support their charges of discrimination were apparent to them in November, 1982 (Christian Dep. Tr. at 33). However, they did not file charges with the EEOC until December 14, 1983.

■■■ From this new information that has been provided to the court, we find that plaintiffs have failed to file timely charges with the EEOC and therefore failed to state a Title VII claim. *Moffett v. Bolger,* 527 F.Supp. 1098 (W.D.Pa.1981); *Wetzel v. Liberty Mutual Insurance Company,* 511 F.2d 199 (3d Cir.1975). However, the administrative procedures required in a Title VII suit create no judicial barrier to a suit under the Civil Rights Act. *Johnson v. Host Enterprise, Inc.,* 470 F.Supp. 381, 383–384 (E.D.Pa.1979); *Young v. International Tel. & Tel. Co.,* 438 F.2d 757, 763 (3d Cir.1971). Further, the remedies available under Title VII and under § 1981, although related, and directed to most of the same ends are separate, distinct and independent. *Johnson v. Railway Express Agency,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). Therefore, plaintiffs' untimely filing of EEOC charges have no effect on their right to proceed under their § 1981 theory, which must be brought in Pennsylvania within six years from the accrual date. *Alston v. Allegheny Ludlum Steel Corp.,* 449 F.Supp. 553 (W.D.Pa.1978).

■■■ Defendant next argues that there is no genuine issue of material fact for trial. In support of this argument, defend-

ant analyzes plaintiffs' allegations and evidence in support thereof. Plaintiffs allege in their Amended Complaint, their affidavits and brief that the defendant selectively discriminated against blacks in the recall process. Defendant has provided plaintiffs' subsequent admissions to show that neither plaintiff can provide any evidence of a discriminatory failure to recall or rehire them. (Bey Dep. Tr. at 42–43; Christian Dep. Tr. at 30–33; Christian Dep. Exhibit 1). Rather plaintiffs appear to describe a situation in which employees on defendant's payroll at the time were transferred to new job sites as they became open. Plaintiffs appear to object to the transfer of currently employed white employees in lieu of defendant's rehiring them. Plaintiffs admit that they have no right to recall under the collective bargaining agreement. (Bey Dep. Tr. at 9; Christian Dep. Tr. at 10). The rights which plaintiffs assert appear to be based on their understanding of Executive Order 11246, Section 202.[1] (Christian Dep. Tr. at 10)

Plaintiffs have come forward with no evidence of any white employee who was recalled or hired during the relevant period, or of any discriminatory employment practice. On this summary judgment motion we must view the facts in the light most favorable to the plaintiffs. However this does not mean that plaintiffs may rest on the allegations of their pleadings, bare assertions or conclusory allegations, suspicions or doubts. Rather they must, by affidavit or otherwise set forth *specific facts* showing there is a genuine issue for trial. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). Plaintiffs have not done this despite the closing of discovery and filing of their pretrial narrative and, therefore, we must grant summary judgment in favor of defendants on the § 1981 claim as well.

An appropriate order will issue.

---

1. Defendants argue and we agree that there is no private right of action to enforce affirmative action obligations under this Executive Order. *Black Grievance Committee v. Philadelphia Electric Company,* 79 F.R.D. 98, 103, n. 2 (E.D.Pa. 1978); *Jackson v. University of Pgh.,* 405 F.Supp. 607, 611 (W.D.Pa.1975). However, we do not assume that this is the theory on which plaintiffs base their claim since it has not been pleaded.