Charles **GUNBY**, Jr., Plaintiff,

v.

**PENNSYLVANIA ELECTRIC COMPANY, Defendant.**

**Civ. A. No. 84–3009.**

United States District Court, W.D. Pennsylvania.

Nov. 19, 1985.

---

Samuel Sims, Chester, Pa., Verdell Dean, Pittsburgh, Pa., for plaintiff.

Joseph E. Schmitt, Pittsburgh, Pa., Anthony A. DeSabato, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff Charles Gunby, Jr. (Gunby) filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* (Title VII), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981), alleging that the defendant Pennsylvania Electric Company discriminated against him by failing to promote or transfer him to a number of positions within the Company. Presently before the Court is defendant's motion for partial summary judgment with respect to Counts 2 through 6 of plaintiff's complaint. Further, defendant moves to strike plaintiff's demand for a jury trial under Title VII and to strike Count 7, since damages for mental anguish and emotional distress are not recoverable under Title VII.[1] For the reasons that follow, defendant's motion is granted in part and denied in part.

### I. Title VII as Plaintiff's Exclusive Remedy

■ Defendant maintains that Title VII provides the exclusive remedy for discriminatory employment practices that allegedly violate rights set forth in Title VII. In support, defendant cites the Court to *Rivera v. City of Witchita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982), where the Fifth Circuit held that consideration of § 1981 and § 1983 claims, as alternative remedies, is only necessary if their violation can be made out on different grounds from those available under Title VII. The Fifth Circuit's opinion offers no explanation or citation for this proposition, and this Court finds the Supreme Court's decision in *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), instructive on this point. In *Johnson*, the Supreme Court held that Title VII is not the exclusive remedy for claims of employment discrimination in the private sector and that exhaustion of administrative remedies under Title VII is not a prerequisite to an action under § 1981. *Id.* at 460–61, 95 S.Ct. at 1720–21. The Court's holding was derived primarily from an examination of the legislative history of Title VII, which demonstrated that Congress intended to allow aggrieved persons to independently pursue their rights under both Title VII and other applicable state and federal statutes. The *Johnson* Court noted that:

Despite Title VII's range and design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual is not deprived of other remedies he possesses

---

1. Count 1 of plaintiff's complaint alleges a cause of action under Title VII and § 1981. Counts 2 through 6 allege a cause of action only under § 1981. Count 7, which was misnumbered as Count 6, seeks damages for mental anguish and emotional distress.

and is not limited to Title VII in his search for relief.

*Id.* at 459, 95 S.Ct. at 1719.

Further, in *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that Title VII is the exclusive remedy for *federal* employees. In arriving at this conclusion, *Brown* makes clear that explicit legislative intent is controlling. Thus, the Supreme Court noted that in the legislative history of the relevant amendments to Title VII, Congress was silent regarding the exclusivity of remedies for federal employees permitting the Court to infer that Congress intended to preempt all non-Title VII remedies. In holding Title VII to be the exclusive remedy for federal employment discrimination, the Court distinguished *Johnson* noting as follows:

> The petitioner relies upon our decision in *Johnson v. Railway Express Agency*, 421 U.S. 454 [95 S.Ct. 1716, 44 L.Ed.2d 295] (1975), for the proposition that Title VII did not repeal pre-existing remedies for employment discrimination. In *Johnson* the Court held that in the context of *private employment* Title VII did not pre-empt other remedies. But that decision is inapposite here. In the first place, there were no problems of sovereign immunity in the context of the *Johnson* case. Second, the holding in *Johnson* rested upon the explicit legislative history of the 1964 Act which " 'manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes.' " Congress made clear " 'that the remedies available to the individual under Title VII are co-extensive with the indivi[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and that the two procedures augment each other and are not mutually exclusive.' " *See also Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 415–417, 88 S.Ct. 2186, 2190–2192, 20 L.Ed.2d 1189 (1968). There is no such legislative history behind the 1972 amendments. Indeed, as indicated above, the congressional understanding was precisely to the contrary.

*Id.* at 833–34, 96 S.Ct. at 1968–69 (citations omitted) (emphasis in original).[2]

Even before *Johnson*, the Third Circuit, in *Young v. International Telephone and Telegraph Co.*, 438 F.2d 757 (3d Cir.1971), held that nothing in Title VII expressedly or impliedly imposes any jurisdictional barrier to a suit brought under § 1981. Plaintiff has an independent remedy under § 1981 without respect to exhaustion under Title VII.[3] *See Croker v. Boeing Co.*, 662 F.2d 975, 989 (3d Cir.1981) (en banc) ("we

---

**2.** The *Johnson* decision was reaffirmed by the Supreme Court in *Great American Federal Savings & Loan Assn. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) (plaintiff cannot redress a violation of Title VII by means of 42 U.S.C. § 1985).

**3.** Defendant has also cited the Court to *Tafoya v. Adams*, 612 F.Supp. 1097 (D.C.Col.1985), where the Court held that it is inconsistent with the general statutory scheme of Title VII to permit consideration of Title VII claims and § 1981 and § 1983 claims in the same suit, unless the non-Title VII claims are independent from rights guaranteed under Title VII. The district court in that case was concerned, *inter alia*, that litigants would use § 1981 to bypass Title VII's administrative procedures and to bring time-barred claims. To the extent that the district court concluded that plaintiffs should not be permitted to "bypass" the procedure required under Title VII merely by including a cause of action under § 1981, the Third Circuit noted as follows in *Gooding v. Warner-Lampert*

*Co.*, 744 F.2d 354, 359 (3d Cir.1984): "[t]he district court in its order of January 4, 1983, also dismissed appellant's § 1981 claim, stating that a plaintiff should not be able to bypass Title VII procedures by including a cause of action under 42 U.S.C. § 1981. Warner-Lampert virtually concedes this was error. The avenues of relief available under Title VII and § 1981 are independent. The filing of a Title VII charge and resort to Title VII's administrative machinery are not a prerequisite for maintaining a § 1981 suit." (*citing Johnson v. Railway Express Agency, Inc.*, 421 U.S. at 460, 95 S.Ct. at 1720). Further, district courts in this Circuit have considered § 1981 claims, where the plaintiff's Title VII claims were time barred. *See Bey v. Schneider Sheetmetal*, 603 F.Supp. 450, 452 (W.D.Pa.1985); *Johnson v. Host Enterprise, Inc.*, 470 F.Supp. 381, 383–84 (E.D.Pa.1979). The *Tafoya* Court also relied on *Day v. Wayne County Board of Auditors*, 749 F.2d 1199 (6th Cir.1984). Both *Day* and *Tafoya* are distinguishable in that they involved claims arising in *public* rather

reject the ... contention that section 1981 liability is coextensive with liability under Title VII. The remedies provided under the two statutes are 'separate, distinct, and independent.' "); *Storey v. Board of Regents,* 600 F.Supp. 838 (W.D.Wisc.1985) (Title VII is not plaintiff's exclusive remedy). Accordingly, defendant's motion for partial summary judgment on Counts 2 through 6 of plaintiff's complaint is denied.

### II. Motion to Strike Demand for Jury Trial

 Defendant moves to strike plaintiff's demand for a jury trial on Gunby's Title VII claim. Since there is no right to a trial by jury in cases arising under Title VII, defendant's motion is granted. *See Lehman v. Nakshian,* 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981).[4]

### III. Mental Anguish and Emotional Distress

Defendant has moved to dismiss Count 7 since Title VII only permits "equitable" relief. 42 U.S.C. § 2000e–5(g). The circuit courts that have considered this issue have held that plaintiff cannot recover damages for mental suffering or emotional distress under Title VII. *Henson v. City of Dundee,* 682 F.2d 897, 905 (11th Cir.1982); *Bundy v. Jackson,* 641 F.2d 934, 946 n. 12 (D.C.Cir.1981); *Shah v. Mount Zion Hospital and Medical Center,* 642 F.2d 268, 272 (9th Cir.1981); *DeGrace v. Rumsfeld,* 614 F.2d 796, 808 (1st Cir.1980); *Garner v. Giarrusso,* 571 F.2d 1330, 1339 (5th Cir.1978). Compensatory damages for

mental anguish, as well as punitive damages, are recoverable in appropriate circumstances under § 1981. *Runyan v. McCrary,* 427 U.S. 160, 170, 96 S.Ct. 2586, 2594, 49 L.Ed.2d 415 (1976); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. at 460, 95 S.Ct. at 1720; *Muldrew v. Anheuser-Busch, Inc.,* 728 F.2d 989, 992 (8th Cir. 1984); *Thomas v. Resort Health Related Facility,* 539 F.Supp. 630, 633–34 (E.D.N.Y. 1982).[5] Accordingly, insofar as plaintiff's complaint seeks to recover damages for emotional distress and mental anguish under Title VII, defendant's motion is granted.

An appropriate Order will be issued.

---

than private employment. Indeed, *Day* distinguished *Johnson* on that basis.

**4.** This issue was intially raised at the status conference before this Court on April 2, 1985. At that time, the Court held that the case would be tried non-jury as to plaintiff's Title VII claim and jury as to plaintiff's § 1981 claim. *See* docket entry No. 4. There is a right to a jury trial under § 1981 on all claims for legal relief. *Setser v. Novack Inv., Co.,* 638 F.2d 1137, 1140 (8th Cir.), *cert. denied,* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981).

**5.** Defendant's motion is somewhat unclear regarding whether it seeks to strike all references to compensatory and punitive damages that plaintiff may be seeking under Title VII. Al-

though defendant's motion only seeks to dismiss Count 7, defendant states that compensatory and punitive damages are not recoverable under Title VII. In *Richerson v. Jones,* 551 F.2d 918, 926–27 (3d Cir.1977), the Third Circuit held that punitive damages are not recoverable under Title VII. Further, in *Rosen v. Public Service Electric & Gas Co.,* 477 F.2d 90, 96 (3d Cir.1973), the Third Circuit stated that plaintiffs who were denied pension benefits because of sex discrimination could recover "compensatory damages" under Title VII. In *Richerson v. Jones, supra,* the Third Circuit clarified that while *Rosen* was correct in concluding that wrongfully withheld benefits could be recovered under Title VII, that recovery is actually a form of equitable restitution, rather than a form of legal damages. 551 F.2d at 926 n. 13.