848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James George WALKER, Plaintiff-Appellant,
v.
SUBURBAN HOSPITAL ASSOCIATION; Joan Finerty; Paul Quinn;
James Gary; Bernadette Welch; Charles Stewart; Lloyd
Green; Dalton Williamson; Eric E. Johnson; Heidi Christl
Marchand; Aester Hailu, Defendants-Appellees.
 No. 87-3117.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
 Decided March 25, 1988.
 
 James George Walker, appellant pro se.
 John Gregory Kruchko, Kathleen A. Talty, Kruchko & Fries, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff James Walker sued his former employer, Suburban Hospital Association, and ten other named defendants on claims under 42 U.S.C. Secs. 1981, 1982, 1983 and 1985; Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq.; and the fifth and fourteenth amendments. He also brought pendent state claims for breach of contract and harmful exposure to carcinogens. The district court entered judgment for the defendants, and Walker appeals. We affirm the judgment for the defendants on the claims based on 42 U.S.C. Secs. 1981, 1982, and 1985(3), Title VII and the fifth and fourteenth amendments on the reasoning of the district court. However, for the reasons discussed below, we reverse the judgment for the defendants on the Sec. 1981, contract, and tort claims, and remand the case for further proceedings.
 
 1. Exclusivity of Title VII
 
 2
 The district court ruled that Walker was barred from bringing an action for race discrimination in employment under 42 U.S.C. Sec. 1981 because Title VII provides the exclusive remedy for discriminatory employment practices that allegedly violate rights set forth in Title VII. There is a split in the decisions concerning whether a suit under Title VII precludes a simultaneous suit under Sec. 1981 based on the same operative facts. Some courts adhere to the rule that unless separate and distinct rights are being litigated, an aggrieved employee may not seek relief by way of the concurrent assertion of a Title VII claim and a claim based on a violation of Sec. 1981. See, e.q., Watson v. Ft. Worth Bank and Trust, 798 F.2d 791, 794 n. 4 (5th Cir.1986); Tafoya v. Adams, 612 F.Supp. 1097 (D.Colo.1985); Ramirez v. Burn, 607 F.Supp. 170 (S.D.Tex.1984); Hudson v. Charlotte Country Club, Inc., 535 F.Supp. 313 (W.D.N.C.1982). The rationale for the rule has been that when the factual setting of the substantive claims of employment discrimination brought under Title VII parallels that of the claims grounded on Sec. 1981, a plaintiff should not be allowed to circumvent the detailed provisions and structural integrity of Title VII by asserting a concurrent action based on Sec. 1981. Other courts, however, adhere to the view that an employee can pursue a cause of action under Sec. 1981 for private employment discrimination despite the applicability of Title VII to the same conduct. See, e.g., Mead v. Merchants Fast Motorline Inc., 820 F.2d 1124 (10th Cir.1987); Lowe v. City ofMonrovia, 775 F.2d 998 (9th Cir.1985); Gooding v. Warner-Lambert Co., 744 F.2d 354 (3d Cir.1984); Gunby v. Pennsylvania Electric Co., 631 F.Supp. 782 (W.D.Pa.1985); Evans v. Central of Georgia Railroad Co., 619 F.Supp. 1364 (N.D.Ga.1985).
 
 
 3
 We believe the Supreme Court's decision in Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975), as explained in Brown v. General Services Administration, 425 U.S. 820 (1976), controls the issue[1] and permits the Sec. 1981 cause of action asserted by Walker. See Keller v. Prince George's County, 827 F.2d 952 (4th Cir.1987). In Johnson, the Supreme Court held that Title VII is not the exclusive remedy for claims of employment discrimination in the private sector and that an aggrieved person could pursue remedies under Title VII and Sec. 1981 simultaneously. Johnson, 421 U.S. at 460-61. The Court's holding was derived primarily from an examination of the legislative history of Title VII, which demonstrated that Congress intended to allow aggrieved persons to independently pursue their rights under both Title VII and other applicable state and federal statutes. The Johnson Court stated that:
 
 
 4
 Despite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief.
 
 
 5
 Id. at 459. See also Alexander v. Gardner-Denver Co., 415 U.S. 36, 48-49 (1974) ("Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination.") The Court concluded that "Congress clearly has retained Sec. 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII."[2] 421 U.S. at 466.
 
 
 6
 In Brown the Supreme Court held that, unlike a private employee, a federal employee may not maintain a Sec. 1981 suit against the United States based on a claim of intentional discrimination in employment. 425 U.S. at 835. The Court distinguished Johnson noting as follows:
 
 
 7
 The petitioner relies upon our decision in Johnson v. Railway Express Agency, 421 U.S. 454 (1975), for the proposition that Title VII did not repeal pre-existing remedies for employment discrimination. In Johnson the Court held that in the context of private employment Title VII did not pre-empt other remedies. But that decision is inapposite here. In the first place, there were no problems of sovereign immunity in the context of the Johnson case. Second, the holding in Johnson rested upon the explicit legislative history of the 1964 Act which " 'manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes.' " Congress made clear " 'that the remedies available to the individual under Title VII are co-extensive with the indiv[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981, and that the two procedures augment each other and are not mutually exclusive.' " See also Jones v. Alfred H. Mayer Co., 392 U.S. 409, 415-417 (1968). There is no such legislative history behind the 1972 amendments. Indeed, as indicated above, the congressional understanding was precisely to the contrary.
 
 
 8
 Id. at 833-34 (citations omitted) (emphasis in original).
 
 
 9
 We are of the opinion that, with respect to claims of private employment discrimination, Johnson compels the conclusion that Title VII does not provide the exclusive remedy and that plaintiff may seek relief under Sec. 1981. Accordingly, we reverse the district court's dismissal of plaintiff's Sec. 1981 claim.
 
 2. The State Tort and Contract Claims
 
 10
 After disposing of the federal issues the district court concluded that it lacked jurisdiction over Walker's contract and tort claims. Walker claimed that the defendants exposed him to carcinogens and suspended him in violation of his employment contract. Both claims derive from the same employment context which gave rise to the Sec. 1981 claim. As the state and federal claims derive from a common nucleus of operative fact, should the district court determine on remand that the Sec. 1981 claim presents substantial federal issues, it would have pendent jurisdiction to hear the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Accordingly, we remand the state claims as well as the Sec. 1981 claim to the district court. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 In support of its conclusion that Title VII provides the exclusive remedy for discriminatory employment practices that violate Title VII rights, the district court cites to Tafoya v. Adams, 612 F.Supp. 1097 (D.Colo.1985) and Parson v. Kaiser Aluminum Corp., 727 F.2d 473 (5th Cir.), cert. denied, 467 U.S. 1243 (1984). In Tafoya the district court was concerned, inter alia, that the litigants would use Sec. 1981 to bypass Title VII's administrative procedures and to bring time-barred claims. To the extent that the district court concluded that plaintiffs should not be permitted to "bypass" the procedure required under Title VII merely by including a cause of action under Sec. 1981, the Supreme Court in Johnson acknowledged that the procedures for relief under Sec. 1981 and Title VII were at odds with each other and that the filing of a Sec. 1981 suit would weaken the administrative process mandated by Title VII. While sympathetic to this concern, the Court reasoned nevertheless, that these difficulties were the byproduct of Congress' choice to make available multiple remedies against employment discrimination
 The court in Parson ultimately traces its authority for the proposition that Title VII preempts a concurrent Sec. 1981 action to Rivera v. City of Witchita Falls, 665 F.2d 531 (5th Cir.1982). In Rivera, the Fifth Circuit held that consideration of Sec. 1981 and Sec. 1983 claims, as alternative remedies, is only necessary if their violation can be made out on different grounds from those available under Title VII. The court's opinion offers no explanation or citation for this proposition.
 
 
 [2]
 Although Johnson specifically holds only that a claimant's pursuit of administrative remedies under Title VII does not toll the running of the limitations period for an associated action under Sec. 1981, this Court has recognized Johnson as establishing the principle that Title VII does not preempt an employment discrimination suit against a private employer brought under Sec. 1981. See Keller v. Prince George's County, 827 F.2d 952 (4th Cir.1987)